CONLEY, Appellant, vs. CONLEY, Respondent.

*January 19 — February 3, 1891.*

*Landlord and tenant: Unlawful detainer: Sufficiency of complaint: Jurisdiction of justice.*

In an action under sec. 3358, S. & B. Ann. Stats., to remove a tenant holding over, if the complaint fails to state "the facts which authorize the removal" (sec. 3362), the justice acquires no jurisdiction of the subject matter of the action. Thus, the omission of allegations that the holding over is without permission of the landlord, and that the notice specified in sec. 3358 has been served in the manner prescribed, is *held* a fatal defect in the complaint. *Rains v. Oshkosh,* 14 Wis. 372, distinguished.

Conley vs. Conley.

APPEAL from the Circuit Court for *Iowa* County.

The action was brought before a justice of the peace under sec. 3358, R. S., as amended by ch. 326, Laws of 1882 (S. & B. Ann. Stats. p. 1873), to remove defendant from certain premises leased to him by the plaintiff, because of the nonpayment of overdue rent. The complaint states that the rent became due November 21, 1889, and that on January 7, 1890, " complainant made demand in writing of said lessee, *John Conley*, that he pay said rent so due and unpaid as aforesaid, according to the conditions and agreements in said lease contained; " also that, although more than three days have elapsed since such demand, the lessee had failed to comply therewith or deliver up the possession of the leased premises, and still neglects and refuses so to do.

Upon filing such complaint, the justice issued the summons prescribed in sec. 3362, R. S., which was duly served on defendant. On the return day, an affidavit, made by defendant, of the prejudice of the justice was filed, and the cause duly transmitted to another justice, who, after overruling a motion by defendant to dismiss the case for want of jurisdiction, proceeded with the trial thereof, and gave judgment for plaintiff that he have restitution of the premises demanded, and for costs. Upon the denial of the above motion, the defendant withdrew from the defense of the action.

The defendant sued out a writ of *certiorari* to remove the proceedings and judgment to the circuit court for review. That court reversed the judgment of the justice. The plaintiff appeals from the judgment of reversal.

*W. H. Beebe*, for the appellant, cited 5 Wait, Pr. 420, 428; *Simpson v. Rhinelander*, 20 Wend. 106; *Meno v. Hoeffel*, 46 Wis. 287; *Rains v. Oshkosh*, 14 id. 372; *Toal v. Clapp*, 64 id. 225.

*Aldro Jenks*, for the respondent.

LYON, J.   The case having been taken to the circuit court by a common-law writ of *certiorari*, that court could only inquire whether the justice had jurisdiction of the action, for it is settled that the writ only brings up questions of jurisdiction when issued to a judicial tribunal proceeding according to the course of the common law.   A justice's court is such a tribunal.   If, therefore, the justice had jurisdiction of the action, the judgment should have been affirmed, although errors or irregularities, not jurisdictional, may have intervened.   The question of jurisdiction of the justice is also the controlling one on this appeal.

The statute under which this action was brought (sec. 3358, S. & B. Ann. Stats.) gives the landlord an action to recover leased premises by removing the tenant therefrom (1) when the tenant holds over after the expiration of his term without the permission of his landlord, and (2) " when such person holds over without such permission after any default in the payment of rent pursuant to the agreement under which he holds, and three days' notice in writing, requiring in the alternative the payment of the rent or the possession of the premises, has been served in behalf of the person entitled to such rent on the person in possession of the same, in manner provided in section two thousand six hundred and thirty-six of the Revised Statutes for the service of a summons, and such notice may be served by the lessor or any person in his behalf."

The procedure in commencing the action is prescribed in sec. 3362, the portions of which applicable to this case are as follows: " The party complaining shall proceed by action before a justice of the county, . . . and shall file a complaint in writing, signed by him, his agent or attorney, giving therein a description of the premises of which possession is claimed, stating the facts which authorize the removal of the person in possession, naming him, and praying for his removal.   The justice shall thereupon issue a

Conley vs. Conley.

summons directed to the sheriff or any constable of the county, commanding him to summon the person against whom complaint shall have been made to appear before him," etc.

Thus it will be observed that the first step in the action is' the filing of a complaint with the justice in which must be stated, among other things, " the facts which authorize the removal of the person in possession." Such a complaint must be so filed before the justice can lawfully issue process to bring in the tenant. If any material fact is omitted from the complaint which the statute requires to be stated therein, the justice has no jurisdiction to issue a summons, and because the action is entirely statutory such want of jurisdiction goes to the subject matter, and is not cured by a general appearance of the tenant. This is but an application to this class of actions of the doctrine frequently asserted by this court in attachment and garnishee actions, from which the present case is not distinguishable in principle. A full discussion of the doctrine may be found in the opinion by RYAN, C. J., in *Steen v. Norton,* 45 Wis. 412. See, also, *Wells v. Am. Exp. Co.* 55 Wis. 23.

Does the complaint herein contain the averments required by the statute? That is to say, does it state the facts which, if true, will authorize the removal of the defendant from the leased premises? Sec. 3358 informs us what facts are conditions precedent to the maintenance of the action. Among these are the following: (1) That the holding over complained of is without the permission of the landlord; and (2) that three days' notice in writing, requiring in the alternative the payment of the rent or the possession of the premises, has been served upon the tenant in the manner provided in sec. 2636, R. S., for the service of a summons. The existence of these facts must be stated in the complaint, or the justice has no jurisdiction to issue a summons or take any proceedings in the matter. The complaint fails

to allege that the holding over was without permission of the landlord, or that notice in writing, containing the above alternative requirement, was served upon the tenant, or that any notice was served upon him in the manner provided in sec. 2636. These are fatal defects in the complaint. The absence of these averments left the justice without jurisdiction to issue a summons. It is quite immaterial if the facts thus omitted in the complaint were proved on the trial. The statute is imperative that they must be stated in the complaint or jurisdiction of the subject matter is not obtained.

It is believed that in no case in this court has a different rule been laid down. Certainly no such case was cited in the argument. *Rains v. Oshkosh*, 14 Wis. 372, was somewhat relied on by counsel for plaintiff to sustain the complaint herein, but it fails to do so. That case arose and was decided under ch. 151, R. S. 1858, which is much less specific than the present statute in matters of procedure. Undoubtedly the complaint in that case was sufficient under the statute then in force.

We conclude that the justice had no jurisdiction to render the judgment of restitution, and hence the same was properly reversed on *certiorari*. The judgment of reversal from which this appeal is taken must therefore be affirmed.

*By the Court.*— Judgment affirmed.

*W. H. Beebe,* for the appellant.

