MINARD, Respondent, vs. BURTIS, Appellant.

*September 29 — October 25, 1892.*

*Landlord and tenant: Unlawful detainer: Pleading: Notice to termi-
nate tenancy: Service.*

1. In an action for the unlawful detainer of land, a complaint showing
   that defendant had been a tenant by sufferance of plaintiff, that
   such tenancy had been terminated, and that defendant still " wrong-
   fully and unlawfully occupied said premises and refused to de-
   liver them to plaintiff," is *held* sufficient, although by mistake it
   alleged that plaintiff was in possession of the premises instead of
   that he was entitled to the possession. *Conley v. Conley*, 78 Wis.
   665, distinguished.
2. An allegation that on a certain day notice to terminate the tenancy
   " was served upon the defendant personally," is a sufficient allega-
   tion of service in compliance with sec. 2184, R. S.
3. A notice to terminate a tenancy, given as many days before action
   brought as there are days in the calendar month in which it is
   given, is " one month's notice," within the meaning of sec. 2183,
   R. S.

APPEAL from the Circuit Court for *Rock* County.

This action was commenced in justice's court under the
statute giving a remedy in case of unlawful detainer, and
the complaint charges that on or about the 13th day of
March, 1891, the above-named plaintiff was, and ever since
has been, in the possession of the following described prem-
ises, to wit (describing the premises in particular); that on
the 4th day of April, 1891, the defendant was a tenant by
sufferance of the plaintiff, and was then, and still is, occu-
pying the premises above described without the consent of
the plaintiff; that on said 4th day of April the plaintiff
served on defendant personally a notice in writing in the
words and figures following, to wit (setting out a written
demand, signed by said respondent, and addressed to the
said appellant), demanding that he deliver up and surrender
to him the said farm (describing it) " which you now hold

Minard vs. Burtis.

of me unlawfully, for the reason that all your rights in and to said premises, with the conditions and agreements of the lease under which you went into possession therein, have fully terminated," and that, unless possession was delivered as demanded, he would proceed to obtain possession as by statute in such case made and provided. The complaint sets forth that more than thirty days had elapsed since the service of the notice, and the defendant "still unlawfully and wrongfully occupied said premises, and refused to deliver them to the plaintiff;" wherefore he prayed for a summons and proceedings as by statute provided.

On the return of the summons, the defendant denied the allegations of the complaint, and claimed that he was in possession of said premises as the lessee of one Charles A. Paddock, who, at the time of making the lease to him, was lawfully seised in fee simple, and alleging that the plaintiff claimed title to the premises by virtue of a warranty deed of said premises from Paddock to himself, made for the fraudulent purpose of terminating his lease.

The defendant having objected to any evidence under the complaint at the trial before the justice, the plaintiff moved to amend the complaint by alleging that he " was on the 13th day of March, 1891, and ever since has been, entitled to the possession of the following described premises," instead of alleging that he " was, and ever since that time has been, in the possession," etc. The amendment was granted, and the defendant excepted.

The plaintiff had judgment before the justice, and defendant appealed to the circuit court, and in that court moved to dismiss the action for want of jurisdiction of the court to try and determine the same. This motion was denied, and upon trial the plaintiff had a verdict and judgment, from which the defendant appealed, on the grounds that the complaint was not sufficient to give the justice jurisdiction of the action; that the allegation of service of

the notice contained in the complaint was insufficient; and that a notice for thirty days, served on the 4th of April, was not notice for a calendar month sufficient to terminate tenancy by sufferance.

For the appellant there was a brief by *Cornelius Buckley*, attorney, and *Smith & Pierce*, of counsel, and oral argument by *Mr. Buckley* and *Mr. Wm. Smith.*

For the respondent there was a brief by *J. G. Wickhem*, attorney, and *Doe & Sutherland*, of counsel, and oral argument by *Mr. J. B. Doe.*

PINNEY, J.    1. The only question in this case is whether the complaint stated facts sufficient to show a cause of action within the jurisdiction of the justice.    The objections to the complaint were not taken until after answer on the merits, and by objection at the trial to any evidence under the complaint.    It is a settled rule that when objections are thus taken a greater latitude of presumption will be indulged in than upon a formal demurrer.    *Doud v. W., P. & S. R. Co.* 65 Wis. 108.    Objections that would form the ground only for special demurrer under the former practice will be disregarded.    The question is whether the complaint does not, in substance, state a case which, upon demurrer, would warrant a judgment in the plaintiff's favor; if so, it is an undoubted case of jurisdiction.    *Grignon's Lessee v. Astor*, 2 How. 338.

Tested by the rule laid down in *Conley v. Conley*, 78 Wis. 665, 666, the complaint shows that the holding of possession complained of was after the tenancy of defendant by sufferance had been terminated.    If so, the complaint was sufficient.    The facts are sufficient to authorize the defendant's removal.    *Jarvis v. Hamilton*, 16 Wis. 574.    The plaintiff was not required to set out the evidence by which these facts could be established.    The complaint is framed in a very imperfect manner.    It is evident that the omission of

Minard vs. Burtis.

the words "entitled to" possession of the premises was the result of a clerical mistake. The entire form and substance of the other allegations show this to be the case; besides, the allegation that the defendant was a tenant by sufferance of the plaintiff, and the allegations showing that such tenancy had been terminated, were sufficient to show a right to recover. We do not think any intelligent person could mistake the scope and meaning of the complaint, or be misled by the omission of these words, afterwards inserted by amendment.

2. It is objected, also, that the notice to terminate the tenancy by sufferance, as set out in the complaint, was not given in the proper manner; that the allegation that it "was served upon the defendant personally" is not a compliance with sec. 2183, R. S. 1878, which provides that a tenancy by sufferance "may be terminated by the landlord's giving one month's notice in writing to the tenant, requiring him to remove from the demised premises," which notice is required by sec. 2184 to "be served by delivering the same to such tenant *or* to some person of proper age residing on the premises, *or*, if the tenant cannot be found, . . . by affixing the same in a conspicuous part of the premises, where it may be conveniently read." It is said that personal service may be made by merely reading the notice to the tenant without delivering it. Personal service is defined to be the "delivery of an original writ, notice, or other paper, or a copy thereof, with oral information as to the contents, to the person who is to be affected by the service." Anderson, Law Dict., PERSONAL SERVICE. Black, Law Dict., is to the same effect. Besides, what constitutes personal service for the purpose of the sufficiency of the averment may well be held to be what the law specifies as personal notice in relation to the particular matter in hand under sec. 2184.

It is also said that the notice was not given one calendar

month before the action was commenced; that, having been
given April 4th, it would not be complete until June 1st.
We cannot adopt this view. If given the proper number
of days before action brought, as contained in the calendar
month in which it was given, as in this case, it was sufficient.

The objections urged upon the face of the pleadings and
verdict only are too technical, and cannot be allowed. The
remedy sought in this case is a civil remedy only, and no
fine could be imposed. R. S. sec. 3366. The complaint
was not required to be verified. Under the process issued
on filing it the defendant could not be arrested, or his
property seized, or his property rights in any way directly
affected. There is no reason for requiring a technical ac-
curacy and precision of proceeding, not now required in
criminal cases. The point upon which the case of *Conley v.
Conley*, 78 Wis. 666, went was that the complaint did not
allege, either in words or in substance, that the defendant
held over without permission of the landlord, and that the
notice set out in the complaint did not contain, in sub-
stance, what the statute required it should contain. This
case, while holding a sufficiently strict rule, at least, comes
far short of sustaining the defendant's contentions.

We do not find any material error in the proceedings.

*By the Court.*— The judgment of the circuit court is af-
firmed.