SUTHERLAND and another, Appellants, vs. DROLET, Respondent.

*October 9—October 28, 1913.*

*Landlord and tenant: Statute of frauds: Oral leasing: Periodic tenancy: Tenancy at will: Termination by notice.*

1. An oral leasing of land to continue until the premises are sold is void under sec. 2302, Stats., so far as fixing the term of the tenancy is concerned.
2. An oral leasing of land is void under sec. 2302, Stats., unless it affirmatively appears that it is "for a term not exceeding one year;" while an oral agreement is not void under sub. 1 of sec. 2307 unless it shows by its terms that it is "not to be performed within one year."
3. When a tenant enters premises under an oral lease, void under sec. 2302, Stats., and pays rent regularly thereafter, his ten-

ancy becomes a "periodic tenancy," *i. e.* either a tenancy from "year to year," "month to month," or "week to week," according as the evidence shows that the rent was paid with reference to and in contemplation of a yearly, monthly, or weekly holding.

4. A periodic tenancy arising as an inference from the conduct of the parties is a modified form of an estate at will; and the term "tenancy at will" in sec. 2183, Stats. (prescribing the notice which must be given to terminate a tenancy at will), includes such periodic tenancies, except those tenancies from year to year which are governed by sec. 2187.

5. Where a tenancy at will is from month to month and, under sec. 2183, Stats., may be terminated by the giving of one month's notice in writing, such notice must terminate the tenancy and fix the time for removal at the end of a rent-paying month.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

This is an action of unlawful detainer. The plaintiff having recovered in justice's court, the defendant appealed, and after a trial in the circuit court judgment for the defendant was rendered. The facts were not in dispute. The plaintiff *Sutherland* purchased the premises in April, 1910, and the defendant was then in possession as tenant. Plaintiff declined to rent the premises to defendant for any fixed length. of time, but orally agreed that he might continue to occupy the same at the rate of $25 per month until they were sold, when the plaintiff was to have possession. Defendant continued in possession, paying his monthly rent invariably in advance on the first day of each month. On September 12, 1912, plaintiff *Sutherland* sold the premises to the plaintiff *Brien.* On the following day the plaintiffs served on defendant a written notice that the defendant's tenancy of the premises was terminated and that he was thereby required to vacate the same on or before one month from that date. The defendant declined to do so on the ground that the notice was insufficient, because it did not terminate at the end of some rent-paying period, *i. e.* at the end of a month.

*Sol. P. Huntington,* for the appellants.

For the respondent there was a brief by *Classon & O'Kelliher,* and oral argument by *V. J. O'Kelliher.*

WINSLOW, C. J. The arrangement by which the defendant was to occupy the premises as tenant *until they were sold* was undoubtedly void so far as fixing the term of the tenancy is concerned, because it was not in writing. Under sec. 2302, Stats., no estate or interest in lands can be created save by operation of law or deed or conveyance in writing, except a leasehold for a term not exceeding one year. The oral agreement cannot in any proper sense be called a lease for "a term not exceeding one year," for its term may last for many years, and in the present case actually did last for more than two years. To come within the exception it must affirmatively appear that the term of the lease does not exceed one year.

There is no analogy in this regard between this section and sub. 1 of sec. 2307, Stats., which declares void, unless in writing, "every agreement which by its terms is not to be performed within one year." Under this latter provision it has been frequently held that in order to come within its condemnation the contract must show by its terms that it is not to be performed within a year. *Conway v. Mitchell,* 97 Wis. 290, 72 N. W. 752, and cases cited. The radical difference between the requirements of the two sections is very apparent and need not be further dwelt on.

In England and in some of the American states it is provided by statute that an oral lease, void under the statute of frauds, creates a tenancy at will. 1 Tiffany, Landl. & T. § 25 g. (1). Such would seem to be the logical result in the absence of any statute, because in such case the possession, when taken, is permissive and lawful and is without understanding as to its duration. These are the distinguishing characteristics of an estate at will. It seems unnecessary,

however, to consider that question.  In this state there is no such statute, and it has been directly held that where a tenant went into possession of premises under a parol lease for two years and held for more than one year, paying rent as provided by the lease, he became by such holding and payment of rent a tenant from year to year at the rental stipulated in the lease, although the lease itself was void under the statute.  *Koplitz v. Gustavus,* 48 Wis. 48, 3 N. W. 754. In that case it was said that no inference could be drawn from the facts in evidence other than the inference that a yearly tenancy was intended to be created by the parties, and that the facts were incompatible with the idea that the tenancy intended was one from month to month.  It is very clear that had the facts in that case shown that the intention of the parties was to create a holding from month to month, the tenancy would have been held to be one of that nature.

The substance of the holding in that case unquestionably is that when a tenant enters premises under a void parol lease like the present and pays rent regularly thereafter, his tenancy becomes a "periodic tenancy," *i. e.* either a tenancy from "year to year," "month to month," or "week to week," according as the evidence shows that the rent was paid and received with reference to and in contemplation of a yearly, monthly, or weekly holding.

While the term "periodic tenancy" has acquired an independent place in the text-books, it is in fact (in cases where it arises merely as an inference from the conduct of the parties) nothing more than the name of a modified form of an estate at will, namely, one which, either by force of judicial decision or statute or both, cannot be terminated by either party without the giving of a notice of a certain duration. The evolution of the "periodic tenancy" by judicial decision is well described by Mr. Justice MITCHELL in *Hunter v. Frost,* 47 Minn. 1, 49 N. W. 327, as follows:

"It was determined very anciently by the common law, upon principles of justice and policy, that estates at will

were equally at the will of both parties, and neither of them was permitted to exercise his will in a wanton manner, and contrary to equity and good faith, but that they could only be terminated by notice for a longer or shorter period, depending usually upon the nature of the original demise.  At first there was no other rule but that the notice should be a reasonable one.  Because of the uncertainty of this rule, the courts early adopted, as far as possible, some fixed period as being reasonable.  In those tenancies which, from the nature of the original demise, they construed to be tenancies from year to year, the courts adopted six months as a reasonable notice, holding that such tenancies could only be determined by a notice of at least six months, terminating at the expiration of the first or any succeeding year.  And in those cases which did not come within the class of tenancies from year to year, because by implication for some definite period less than a year, the rule was generally adopted that the time of notice should be governed by the length of time specified as the interval between the times of payment of rent, and should be equal to one of these intervals, and must end at the expiration thereof.  The result was that at common law estates at will, in the strict sense, became almost extinguished at a very early date, under the operation of judicial decisions.  Indeed, it would have been difficult to conceive of an instance of such a tenancy, except where created by the express contract of the parties to that effect.  But they still remained substantially tenancies at will, except that such will could not be determined by either party without due notice to quit."

If the periodic tenancies arising as an inference from the conduct of the parties, such as the one before us, be not estates at will, then there can be practically no estates at will, except in cases where the parties agree that the holding shall be at will, and it is matter of common knowledge that the number of such agreements is negligible.  It is quite inconceivable that sec. 2183 of the Statutes of Wisconsin covers only tenancies at will created by agreement of the parties. That section now reads as follows:

"Whenever there is a tenancy at will or by sufferance, created in any manner, the same may be terminated by the

landlord's giving one month's notice in writing to the tenant
requiring him to remove from the demised premises or by
the tenant's giving one month's notice in writing that he
shall remove from said premises and by surrendering to the
landlord the possession thereof within the time limited in
such notice; but when the rent reserved in a lease at will is
payable at periods of less than one month such notice shall
be sufficient if it be equal to the interval between the times
of payment; and in all cases of neglect or refusal to pay the
rent due on a lease at will fourteen days' notice to remove,
given by the landlord, shall be sufficient to determine the
lease."

We are fully satisfied both historically and logically that
the term "tenancy at will" in this section includes the so-
called "periodic tenancies," except those tenancies from
year to year which have been put in a class by themselves
by sec. 2187, Stats.  *Haines v. Beach,* 90 Mich. 563, 51 N.
W. 644; *Prendergast v. Searle,* 74 Minn. 333, 77 N. W.
231; *Rosenblat v. Perkins,* 18 Oreg. 156, 22 Pac. 598.

The facts in the present case show conclusively that both
parties intended the holding to be from month to month and
hence that there arose that form of a tenancy at will called
a periodic tenancy, which, under the provisions of sec. 2183,
Stats., could be terminated only by one month's notice in
writing.  The question is whether a notice which requires
removal in the middle of the rent-paying month, as in the
present case, is sufficient, or whether the notice must termi-
nate at the end of such a month.

If this were a new statute with no history behind it, we
should be inclined to hold the notice sufficient, but such is
not the case.

The section as it now exists is a combination of the essen-
tial parts of sec. 34, ch. 89, and sec. 2, ch. 91, R. S. 1858.
The first of these sections was sec. 34, ch. 62, R. S. 1849,
and was evidently taken bodily, with the rest of the chapter,
from ch. 66, R. S. of Mich. 1846.  It came to Michigan ap-

parently from Massachusetts, in which state it first appeared
as sec. 4 of ch. 89 of the Laws of 1825.

The second section above referred to (*i. e.* sec. 2, ch. 91,
R. S. 1858) apparently came with some changes from New
York, where it first appeared in sec. 1 of ch. 194, Laws of
1820. The Revised Statutes of New York provided that
"wherever there is a tenancy at will or by sufferance created
by the tenant's holding over his term or otherwise, the same
may be terminated by the landlord's giving one month's no-
tice in writing to the tenant requiring him to remove there-
from." 1 R. S. of N. Y. 1829, part II, ch. I, tit. IV, § 7.

Much might be written as to the history of these sections,
and many cases might be cited which have been decided
under them, or under similar statutes in other states, but it
would hardly be useful here.

It is sufficient to state briefly that both statutes were
passed to remedy the uncertainty prevailing in this country
relative to the proper method of terminating estates at will
or by sufferance. Both have been construed, not only in the
states where first enacted, but in other states where they
have been in substance adopted, as requiring that the notice
must terminate with the close of the rent-paying period. It
cannot be said that the Massachusetts statute received that
construction before its adoption in Wisconsin, inasmuch as
the first case construing it seems to be the case of *Prescott
v. Elm,* 7 Cush. 346 (1851), but in New York it seems that
in case of a tenancy from month to month it was held as
early as 1840 that the notice must be a notice to quit at the
end of the month. *Anderson v. Prindle,* 23 Wend. 616.
In Michigan the ruling has been the same (*Huyser v. Chase,*
13 Mich. 98; *Shaw v. Hoffman,* 25 Mich. 162); and in
Minnesota (*Grace v. Michaud,* 50 Minn. 139, 52 N. W.
390). See 18 Am. & Eng. Ency. of Law (2d ed.) p. 206,
note 2; 24 Cyc. 1384, note 91. In each of the notes last
cited many authorities on the subject are collated.

The reason for this construction is given by Judge MET-CALF in the case of *Prescott v. Elm, supra,* as follows:

"The statute of 1825 was intended to remove these doubts, and to adopt the *principle* of the English common law, except in cases of a tenant's refusal or neglect to pay rent due. That law not only requires that written notice shall be given, in order to terminate a tenancy at will, but also prescribes the length of the notice, in all cases except those in which the parties, either by express stipulation, or by agreement implied from custom, have otherwise contracted. In tenancies from year to year (so called) six months' notice is required. In a tenancy for less than a year, as for a quarter, a month or a week, the length of the notice is regulated by the letting; that is, a quarter's, a month's or a week's notice must be given. But the expiration of the notice must be with the expiration of the quarter, month or week. A notice to quit, which breaks into the quarter, month or week, is not a good notice. Comyn, Landl. & T. 269; 23 Wend. 619. So, when the parties to a *written* lease of premises from one year, or other period, to another, expressly agree that the tenancy may be terminated by a notice of shorter length than the law would otherwise require, that notice, in order to be valid, must expire with the year or other period. *Doe v. Donovan,* 1 Taunt. 555; *Doe v. Green,* 9 Ad. & E. 658."

We do not feel that we would be justified in giving a new construction to the statute in question in view of the long and practically universal acquiescence in the construction placed upon the original statutes by Massachusetts and New York, and the almost universal acceptance of that construction by the other states which have in substance adopted one or both of the statutes.

*By the Court.*—Judgment affirmed.