MOLTER and wife, Respondents, vs. SPENCER, Appellant.

*November 16—December 14, 1920.*

*Landlord and tenant: Tenancy from month to month: How terminated: Notice to quit: "Month's notice."*

1. While a tenancy at will or at sufferance was at common law different from a periodic tenancy, sec. 2183, Stats., requiring the landlord to give notice of the termination of the tenancy in writing, has operated to remove the distinction between the two tenancies, and the words "tenancy at will" in the statute include periodic tenancies.
2. A month's notice pursuant to said sec. 2183, in order to terminate a tenancy, must expire at the end of the rent month; and by "one month's notice" to quit is meant the number of days in the calendar month in which the notice is given.
3. In case of a tenancy, where the end of the rent month, beginning February 25th, was the 24th of March, and the 25th of March was the first day of a new period, the landlord's notice, pursuant to sec. 2183, served February 25th, and attempting to terminate the tenancy March 25th, was insufficient, as lacking one day of being a month's notice. [If the

notice had been given one calendar month prior to the last day of the rent month, the effect of requiring the tenant, by the terms of the notice, to remove on the first day of a new term, not determined.]

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

Unlawful detainer. Plaintiffs were the owners of premises located at No. 456 Grover street in the city of Kenosha. On the 25th day of August, 1919, the premises were rented to the defendant and the following receipt for the first month's rent given:

"1919.

"Received from *H. M. Spencer* twenty-five dollars, for rent of second flat at 456 Grover street from 8/25 to 9/25, 1919."

The defendant paid the rent each month thereafter. On the 25th day of February, 1920, the plaintiff served upon the defendant a notice to quit, as follows:

*"Please take notice* that you are required to surrender and deliver up possession of the up-stairs and that part of the basement occupied by you of the premises commonly known as, designated and numbered No. 456 Grover street, and remove therefrom on the 25th day of March, A. D. 1920, for the reason that we desire to elect and do now elect to terminate the tenancy under which you now hold and under which you went into possession of the same, and in pursuance of the provisions of the statutes of the state of Wisconsin in such cases made and provided.

"Dated this 25th day of February, A. D. 1920."

The defendant declined to remove from the premises and this action was begun in the municipal court of Kenosha county to oust him. Plaintiff had judgment, and the defendant appealed to the circuit court.

The circuit court was of the opinion that the notice served on the 25th day of February, terminating the tenancy on the 25th day of March, was a sufficient compliance with the

statute and gave judgment accordingly, from which the defendant appeals.

*Frank S. Symmonds* of Kenosha, for the appellant.

For the respondents the cause was submitted on the brief of *Edward F. Higgins* of Kenosha.

ROSENBERRY, J.    It is not disputed that the tenancy was a tenancy from month to month and could be terminated only in the manner prescribed by law for the termination of such tenancies.    Sec. 2183, Stats.    The defendant endeavors to draw a distinction between tenancies at will and sufferance and periodic tenancies.    While a tenancy at will or at sufferance was, at common law, a different thing than a periodic tenancy, our statute requiring the landlord to give notice in writing has operated to remove the distinction between the two tenancies, and the words "tenancy at will," used in sec. 2183, include periodic tenancies.    *Sutherland v. Drolet,* 154 Wis. 619, 143 N. W. 663.    This court is committed to the proposition that a month's notice, in order to terminate the tenancy, must expire at the end of the rent month.    *Sutherland v. Drolet, supra.*    The end of the rent month in this case was the 24th day of March for the month which began on the 25th day of February.    The 25th day of March was the first day of the new period.    Was this a sufficient notice?

Having, in *Sutherland v. Drolet,* held that the notice may not terminate the tenancy in the middle of the rent month, it follows logically that it may not terminate it on any day of the rent month except the last.    In that respect there is logically no distinction between the first day and the fifteenth day, or any other day.    Hence, the tenancy could not be terminated on the 25th day of March.    Did the tenant in this case have one month's (calendar month, sub. (10), sec. 4971, Stats.) notice of the landlord's election to terminate the lease prior to the end of the rent month?

What is meant by "one month's notice in writing?" In *Minard v. Burtis,* 83 Wis. 267, 53 N. W. 509, it was said:

"If given the proper number of days before action brought, as contained in the calendar month in which it [notice] was given, as in this case, it was sufficient."

In 1919 there were twenty-eight days in the calendar month of February, the month in which the notice was given. Excluding the 25th day of February (sub. (24), sec. 4971, Stats.), the day on which the notice was served, and including the 24th day of March, the last day of the rent-paying month, the tenant had but twenty-seven days' notice. Therefore the notice lacked one day of being a one month's notice within the meaning of the statute as construed by this court. If the notice had been given one calendar month prior to the last day of the rent month, we do not determine in this case the effect of requiring the tenant, by the terms of the notice, to remove on the first day of a new term.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint on the merits.