SCHISSLER and another, Appellants, vs. WISCONSIN LIFE
INSURANCE COMPANY, Respondent.

*January 12—April 7, 1925.*

*Insurance: Agency contract: Duration: Failure to produce business
for "two consecutive months:" How time is computed.*

1. A clause in a contract under which plaintiff was made the ex-
   clusive agent of the defendant to solicit life insurance in a
   given territory, which avoided the policy without notice in
   case the plaintiff should fail to produce paid-for and accepted
   business for "two consecutive months," is construed to mean
   calendar months and not lunar months, and the period should
   be computed from the day upon which any particular business
   was written. p. 481.
2. Where there was a breach of the contract on the part of the
   agent, letters from the company referring to the breach and
   suggesting a continuance of the agency on a non-exclusive
   basis and the acceptance of insurance placed thereafter by
   the agent, do not constitute a waiver of the forfeiture of all
   rights under the original contract. p. 481.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Plaintiffs brought this equitable action to restrain defend-
ant from alleged interference with plaintiffs' rights under
a written contract between them and for an accounting.

December 3, 1914, by a written contract, the plaintiffs
engaged to solicit life insurance policies for defendant. They
were not required to devote their entire time to such busi-
ness, but whatever life insurance was solicited was to be
exclusively for defendant. Plaintiffs were assigned certain
territory in Milwaukee and vicinity and were permitted to
have such as exclusive territory provided they produced
$50,000 of paid-for and accepted business in each subsequent
year. One Carchidi was employed by and worked as agent
for the plaintiffs under said contract until about the end of
February, 1917.

More than such $50,000 worth of insurance was produced
during the successive years up to December 3, 1916. Two

applications were obtained on January 3, 1917, sent to defendant, and policies issued thereon January 15th and 30th; two applications on January 4th upon which policies were issued January 8th and 11th. No other application was obtained by plaintiffs until March 15th, upon which a policy was issued March 21st. Between December 4, 1916, and March 21, 1917, there was a gross amount of insurance applications forwarded by plaintiffs of $35,000, the net amount being $11,500.

Among the conditions of the contract several methods were provided for terminating the contract. By section 14, that either party may terminate it by giving to the other party thirty days' notice in writing if not otherwise concluded by its own conditions. By section 11, if the general agent failed to produce in each or any year the said $50,000 paid-for and accepted business, the company reserved the right to appoint agents with or without exclusive rights and without otherwise affecting the contract, and the plaintiffs should have no claim for commissions on the business effected by such other agents; or the defendant might terminate it by giving thirty days' notice. By section 15, reading, "Failure at any time for two consecutive months to produce paid-for and accepted business hereunder shall render this contract null and void, without notice from the company, except as to," etc. By section 16 it was provided that no course of dealing or act of forbearance shall be construed as a waiver or change of any terms of the contract or any forfeiture thereof, and that no waiver, modification, or change shall be legal or binding unless made in writing and signed by an executive officer of the company.

March 19, 1917, the defendant wrote plaintiffs to the effect that it felt the need of a larger volume of business from the plaintiffs' territory requiring a greater force of agents, and saying:

"In view of this fact and also of the fact that you have defaulted in your contract by failure to produce accepted and

paid-for business for two consecutive months, you are notified that your contract, as to exclusive territory, is hereby canceled. We desire that you continue to represent the company without exclusive rights, and we hope that with renewed energy and co-operation we may realize a steadily increasing volume of business. The company appreciates your good work and feels confident that more business from your field will be mutually advantageous."

Plaintiffs made no reply, and on April 19th defendant again wrote referring to the aforesaid letter and its recitals of default in the contract and the cancellation thereof so far as the exclusive rights were concerned, and stating that the company proposed, inasmuch as plaintiffs did not arrange for the expected production, to do so by direct contracts independent of plaintiffs' agency, and that several promising connections were now being made, and that by thus securing an increased business plaintiffs' agency will doubtless be indirectly benefited through the advertisement thereby.

On April 20th said Carchidi was employed by defendant as a solicitor of insurance in the same territory and did thereafter procure insurance.

July 10th defendant again writes, stating, "Having failed to produce paid-for and accepted business for two consecutive months, your contract is canceled as per paragraph 15 thereof." To this letter the plaintiffs replied on July 19th stating, "We wish to say that the business was produced under our contract during the time. Is it not possible that you have made an error?"

July 21st defendant obtained the revocation of plaintiffs' license as insurance agent on its behalf.

Upon the trial the facts as above stated were stipulated, and the court held that the complaint must be dismissed. From the judgment the plaintiffs appeal.

For the appellants there was a brief by *Lenicheck, Boesel & Wickhem* of Milwaukee, and oral argument by *John Wickhem* and *L. J. Lenicheck*.

For the respondent there was a brief by *Schubring, Ryan & Petersen* of Madison, and oral argument by *A. R. Petersen.*

The following opinion was filed February 10, 1925:

ESCHWEILER, J.   Plaintiffs here contend that the trial court was wrong in holding that under section 15 of the contract above quoted there was, under the evidence, a failure by plaintiffs for two consecutive months to produce paid-for and accepted business.   The producing of business under such section clearly relates to the obtaining of an application by one intending to take a policy of insurance, and that when such application had been obtained and forwarded to the company plaintiffs' functions ceased and they have then produced the business.   Between January 4 and March 15, 1917, there were no such applications obtained by plaintiffs. Such period, however, it is contended by plaintiffs, was not the "two consecutive months" under clause 15 quoted above, for the reason, as it is argued, that in the absence of a more specific designation the months must be calendar months and be computed as starting on the first day of some month immediately following a month in which, at any time therein, business had been produced, and that therefore the applications of January 4th prevented the commencement of the period of two consecutive months until the 1st of February, and there having been an application produced in March there was but one instead of two calendar months intervening the January 4th and March 17th applications.

Reliance is placed upon sub. (10), sec. 4971, Stats., providing that the word "month" shall be construed to mean a calendar month unless otherwise expressed.   This, however, does not determine the time for commencement of a period computed in calendar rather than lunar months.   This statute also provides that where the word "year" is used it means a calendar year.   The contract in question was made Decem-

ber 3, 1914, and clearly the yearly periods referred to in the contract within which a specified amount of business was required to be produced in order that plaintiffs might preserve their exclusive territory, would expire on the 4th of December of each year thereafter rather than merely start on the 1st of January following. By the same reasoning the expression here involved should be computed as the period of two calendar months from the day upon which any particular insurance business was produced. More than such period had clearly expired at the time of the obtaining of the policy of March 17th and defendant's letter of March 19th. The parties had expressly agreed that such default should make the contract null and void without notice, and plaintiffs are bound by such provision.

Plaintiffs further argue that even if such a construction be given to this clause in question, nevertheless the defendant has in effect waived such cancellation of the contract by its statements in the letter of March 19th; by its issuing a policy upon the application obtained on March 17th; by its letter of April 19th reiterating the statements in the March letter; and especially by its failure to expressly declare, until by letter of July 10th, that reliance was placed by defendant upon the provision embodied in section 15, *supra.*

Plaintiffs having lost their rights in and to the contract and the whole thereof by reason of their own default prior to March 17th, defendant was doing no more by its then letter than offering to plaintiffs the opportunity to accept what in effect would be a new and substantially modified contract minus the undoubtedly valuable provision of having exclusive territory. Such proposition, not being accepted or acted upon by plaintiffs, was of no force or effect and cannot be urged as amounting to a waiver by defendant of the absolute forfeiture of all rights under the original contract.

The plaintiffs having failed to show a valid and subsisting

contract with the defendant were entitled to none of the relief asked for, and their complaint was properly dismissed.

*By the Court.*—Judgment affirmed.

The appellants moved for a rehearing.

In support of the motion there was a brief by *Lenicheck, Boesel & Wickhem* of Milwaukee.

In opposition thereto there was a brief by *Schubring, Ryan, Clarke & Petersen* of Madison.

The motion was denied, with $25 costs, on April 7, 1925.