CÁNDIDO NORIEGA, as assignee of NORIEGA & RANGEL, Plaintiff and Appellee, *v.* HEIRS OF SANTIAGO COLÓN Y SUÁREZ, Defendants and Appellants.

No. 5170. Argued December 23, 1929.—Decided January 22, 1930.

R. V. *Pérez Marchand*, for appellant.   R. *Arjona Siaca*, for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The appellee moves for a dismissal of the appeal herein because the notice of appeal has been filed after the expiration of the time provided by statute for taking an appeal.

The judgment was entered and notified to the defeated party on November 5, 1929, and the appeal was taken on the 6th of the following December.

The appellee contends that the time for appeal expired on December 5, 1929. The contention of the appellants is that it expired on the 6th, because as the monthly period involved a calendar month, account must be taken of the number of days of the month which included the expiration date, and since the month of December is a calendar month of thirty-one days, the appellants had thirty-one—instead of thirty—days within which to appeal.

The applicable statute fixes the time for taking an appeal, as follows: "Within one month after the entry of judgment." (Subdivision 1, section 295 of the Code of Civil Procedure.)

Section 8 of the Civil Code provides as follows:

"Section 8.—If in the laws, months, days, or nights are referred to, it shall be understood that the months consist of thirty days, the days of twenty-four hours, and the nights from the setting to the rising of the sun.

"If the months are referred to by name, they shall be computed by the number of days which they respectively contain."

Applying the above statutory rule, it must be concluded that the appellee is right. In the statute the time for taking

an appeal is fixed at one month, without designating the month by name. This being so, the month granted consists of thirty days, in accordance with the section above cited.

In *Wolkers* v. *American R. R. Co. of Porto Rico*, 20 P. R.R. 379, this court expressed its views on the matter, as follows:

"In accordance with section 8 of the Civil Code in connection with subdivision 4 of section 392 of the Political Code, the period of one month allowed by section 295 of the Code of Civil Procedure, as amended by the Act of March 11, 1908, and Act No. 70 of March 9, 1911, means a month of thirty days and an appeal taken after the expiration of that time should be dismissed."

The appellants invoke subdivision 4 of section 392 of the Political Code, which says:

"The word 'year', as used in this code, means a calendar year and the word 'month' means a calendar month unless otherwise expressed."

It will be noted that the Political Code sets forth a definition of particular words as used in that code, whereas the provision of the Civil Code already quoted is general. Besides, the decision of this court in the *Wolkers* case, *supra*, was rendered after taking into consideration said section 392 of the Political Code.

But even assuming that the cited provisions of the Political Code were the only existing enactment and—a statute of American origin being involved—the decisions of continental courts must accordingly be given effect, it would still have to be conceded that the appellee is right, because the rule in the continental United States is to consider the number of days of the month in which the period begins to run and not the month in which it ends. In the present case the period began to run in November, which has thirty days, and therefore the defeated party had thirty—not thirty-one—days within which to take the appeal.

It seems advisable to transcribe below a summary of the

jurisprudence to which we have just referred, as set forth in Cyc.:

"In the United States a large majority of the states have enacted statutes defining the meaning of the term, and it is now the rule, both under statute and otherwise, that the word 'month', when used without qualification, means a calendar month. The term 'calendar month' means a month as designated in the calendar, without regard to the number of days it may contain; it is to be computed, not by counting days, but by looking at the calendar, and it runs from a given day in one month to a day of the corresponding number in the next month, except where the last month has not so many days, in which event it expires on the last day of that month.

"The number of days in a month varies, under this rule, and is necessarily limited by the number of days in the month during which the computation begins. Thus a month's notice commencing in a month of thirty days need consist only of that number of days (People v. Ulrich, 2 Abb. Pr. (N.Y.) 28; Minard v. Burtis, 83 Wis. 267, 53 N. W. 509); and where the month in which the computation begins has thirty-one days, while the month in which it ends has only thirty, a calendar month beginning on the thirtieth will contain one more day than one beginning on the thirty-first, as both must end on the thirtieth (Parkhill v. Brighton, 61 Iowa 103, 15 N. W. 853)." 38 Cyc. 313.

By virtue of the foregoing, the appeal having been filed after the expiration of one month—of thirty days as provided by law—and such time being jurisdictional, the appeal must be dismissed.