BARABOO NATIONAL BANK, Trustee, Respondent, vs. CORCORAN, Appellant.

*May 20—June 16, 1943.*

For the appellant there was a brief by *Hill, Miller & Hill* of Baraboo, and oral argument by *James H. Hill.*

*H. M. Langer* of Baraboo, attorney, and *C. G. Mathys* of Madison of counsel, for the respondent.

BARLOW, J.   The questions involved are whether proper notice was served under sec. 291.01 (3), Stats., and if so, whether the complaint alleges violation of the terms of the lease upon which an action can be maintained.

Baraboo National Bank, trustee, leased business premises in the city of Baraboo to Joseph Corcoran for a term beginning August 5, 1938, and expiring July 23, 1947, at an annual rental of $600, payable in equal monthly instalments of $50 each in advance on the first day of each month.   The allegations of the complaint set forth the material terms of the lease and alleged violations as follows :

"That said lease, among other things, provided that the lessee would not underlet the same or any part thereof except the second floor; that he would not assign said lease, or any part thereof, without the written consent of the lessor first had and obtained, and that he would not use the same or permit the same to be used for any unlawful or illegal purpose, and provided further that in case of noncompliance with the terms, conditions, and provisions on the part of the lessee, then and in that event the lessor should have the full right to vacate said lease and declare all of the terms and provisions thereof null and void.

"That the said Joseph Corcoran [appellant herein] has violated the terms and provisions of the said lease in that he has used the same and permitted the same to be used for an unlawful or illegal purpose and has underlet a portion of the

premises other than the second floor, and that on or about July 18, 1942, this complainant caused to be served on the said Joseph Corcoran personally a notice in writing requiring the delivery to the complainant of said premises, a copy of which notice is attached hereto and made a part hereof, and which sets forth specifically the violations of the said lease complained of.

"That more than three days have elapsed since the service of said notice and that the said Joseph Corcoran still so unlawfully holds over without permission of said complainant."

Notice of termination was served on July 18, 1942, and the portion of it material to the issues in question provides as follows:

"Said lease is hereby terminated and vacated because of the breach of the terms, provisions and conditions therein and particularly because of the use thereof for illegal and unlawful purposes, as evidenced by the records in the office of the clerk of the court in the courthouse, Baraboo, Wisconsin, relating to the dilution of liquors and sale of liquors to a minor or minors and conviction thereof on or about the 24th day of February, 1942, and the 14th day of July, 1942, respectively; and the apparent subletting or arrangement equivalent to subletting of the premises to your wife or other persons."

The notice demanded immediate possession of the premises.

Sec. 291.01 (3), Stats., providing for notice requiring delivery of possession of premises, reads as follows:

"When such person holds over without such permission, contrary to any other conditions or covenants of the agreement under which he holds, after three days' notice requiring the delivery of the possession of the premises has been served, as above required, on the person holding such possession."

The notice was served July 18, 1942, and the action was started August 29, 1942. More than three days elapsed after the service of the notice before this action was commenced,

and the complaint so alleges. While this is a statutory procedure, we must give some consideration to the purpose for which the statute was passed. Appellant was given notice that his lease was terminated under the option which the respondent had the right to exercise. The section in question provides that no action may be started until after three days' notice requiring the delivery of the possession of the premises has been served. The fact that the notice demanded immediate possession would not affect the right of appellant to successfully resist an action started prior to the expiration of the three-day period. Appellant was not misled by the notice. If the notice had provided that he was to deliver possession at the expiration of three days, it would not have enlarged his privilege or changed his status. Similar statutes have been so interpreted in other jurisdictions. *Hogsett v. Ellis,* 17 Mich. 351; *Burns v. Noell,* 12 Okla. 133, 69 Pac. 1076; *Ashpole v. Delaney,* 217 Iowa, 792, 253 N. W. 30.

Appellant relies on *Tower Building Co. v. Andrew,* 191 Wis. 269, 210 N. W. 842, contending that strict compliance is necessary. In that case, lessee had failed to pay rent, and the statute provides for service of a three-day notice requiring lessee to pay rent or vacate. A right or privilege is reserved in the lessee under the notice required to be served, and the payment of the rent would not require him to vacate. There is no such right or privilege reserved to the lessee under the notice required in this subsection. It provides a period of time before an action may be started. We conclude that the notice is sufficient.

The complaint alleges violations of the terms and conditions of the lease by underletting a portion of the premises and by using the same, or permitting the same to be used, for unlawful and illegal purposes. Appellant entered into a written contract, binding himself not to do certain things. He agreed not to underlet the premises, except the second floor, and further agreed that in case of noncompliance with the

terms and conditions, lessor should have the full right to vacate said lease and declare all the terms and provisions thereof null and void.

Appellant contends that the wording in the notice alleging "apparent subletting or arrangement equivalent to subletting" is defective. The allegation in the complaint is clear and unquestionable, and alleges underletting of the premises. It is the general rule of law that on demurrer to a pleading, the allegations thereof should be construed liberally and favorably to the pleader. *Horlick v. Swoboda,* 221 Wis. 373, 267 N. W. 38; *Department of Agriculture and Markets v. Laux,* 223 Wis. 287, 270 N. W. 548. We conclude that the complaint sufficiently alleges an underletting of the premises. With this true, it is unnecessary to further examine the pleading.

*By the Court.*—The order of the lower court overruling the demurrer is affirmed.