RUPP, Respondent, vs. BOARD OF DIRECTORS OF ASSEMBLY No. 58 OF THE EQUITABLE RESERVE ASSOCIATION, Appellant.

*November 9—December 7, 1943.*

*William A. Nathenson* of Madison, for the appellant.
For the respondent there was a brief by *Lee & Becker* of Madison, and oral argument by *Stuart H. Becker*.

MARTIN, J. Appellants challenge the sufficiency of the original and the amended complaints filed in the justice court. They contend that neither complaint states a cause of action and for that reason the justice court had no jurisdiction of the subject matter of the action. It appears that in the justice court defendants demurred to the complaint for the reason above stated. The justice sustained the demurrer and permitted plaintiff to file an amended complaint, which plaintiff did. Defendants answered and proceeded to trial on the merits. We will consider only the original complaint, because if that complaint failed to state a cause of action the justice

acquired no jurisdiction of the subject matter, and the subsequent pleading and trial on the merits conferred no jurisdiction. See *Conley v. Conley,* 78 Wis. 665, 668, 47 N. W. 950.

Proceedings to remove a tenant holding over are strictly statutory. Sec. 291.05, Stats., provides:

"The party complaining shall proceed by action before a justice of the county, or if the premises be within a city, then before a justice of such city, and shall file a complaint in writing signed by him, his agent or attorney, giving therein a description of the premises of which possession is claimed, stating the facts which authorize the removal of the person in possession, naming him, and praying for his removal. The justice shall thereupon issue a summons, directed to the sheriff or any constable of the county, commanding him to summon the person against whom such complaint shall have been made to appear before him on a day and place in such summons named, which shall not be less than three nor more than ten days from the day of issuing the same. Said summons shall be in the form usually issued by justices of the peace in civil actions and shall, in addition, state that the complaint has been filed."

The complaint must be filed with the justice at the time of issuing the summons and must contain an allegation that the tenant's holding over is without the permission of the landlord, and that the required statutory notice has been given. The original complaint filed in the justice court alleges that the plaintiff is the owner of the building and premises in question; that on or about the 31st day of October, 1941, plaintiff entered into a written lease with the defendant board of directors of assembly No. 58 of the Equitable Reserve Association, for the rental of the second floor thereof, known as "Studio Dance Hall," located at 237 West Gilman street in the city of Madison, for a period of five years; that in accordance with the terms of said written lease the premises as designated therein were to be used for the purposes of "meeting places

for the lessee;" that said lease further provided that if the premises or any part thereof were used contrary to the conditions of said lease, or if said lessee violated any of the terms or conditions thereof, or maliciously injured the same, said lease should at the option of the lessor be void as to the lessee, and the lessor should be entitled to the immediate possession of said premises without hindrance or delay. It is alleged that on the 21st day of November, 1942, the plaintiff caused to be served a written three-day notice upon defendants to vacate the premises in question, for the reasons that said premises were being used by defendant lessees for purposes other than agreed in said lease, and that said three-day notice was duly served upon all defendants by personal service; that said notice to vacate ordered defendant lessees to vacate the premises within seventy-two hours from receipt of notice; that said defendant lessees had and do to this date, refuse to vacate said premises. On the trial defendants admitted that they had sublet said premises contrary to the provisions of the written lease.

Sec. 291.01 (3), Stats., provides:

"When such person holds over without such permission, contrary to any other conditions or covenants of the agreement under which he holds, after three days' notice requiring the delivery of the possession of the premises has been served, as above required, on the person holding such possession."

Appellants argue that under the rule stated in *Conley v. Conley, supra,* the complaint must specifically allege in the words of the statute that the holding over is "without such permission." In *Minard v. Burtis,* 83 Wis. 267, 271, 53 N. W. 509, the court distinguished the *Conley Case.* The court said:

"The point upon which the case of *Conley v. Conley,* 78 Wis. 666, went was that the complaint did not allege, either in words *or in substance,* that the defendant held over without permission of the landlord, and that the notice set out in the complaint

did not contain, in substance, what the statute required it should contain."

*Minard v. Burtis, supra,* was an action for the unlawful detainer of land. The complaint alleged that defendant had been a tenant by sufferance of plaintiff; that such tenancy had been terminated; and that defendant still "unlawfully and wrongfully occupied said premises, and refused to deliver them to the plaintiff." There was the further allegation that on a certain day notice to terminate the tenancy was served upon defendant personally. The court held that the complaint was sufficient. At page 269 the court said:

"Tested by the rule laid down in *Conley v. Conley,* 78 Wis. 665, 666, the complaint shows that the holding of possession complained of was after the tenancy of defendant by sufferance had been terminated. *If so, the complaint was sufficient.* The facts are sufficient to authorize the defendant's removal. *Jarvis v. Hamilton,* 16 Wis. *574. The plaintiff was not required to set out the evidence by which these facts could be established. The complaint is framed in a very imperfect manner. It is evident that the omission of the words 'entitled to' possession of the premises was the result of a clerical mistake. The entire form and substance of the other allegations show this to be the case; besides, the allegation that the defendant was a tenant by sufferance of the plaintiff, and the allegations showing that such tenancy had been terminated, *were sufficient to show a right to recover.* We do not think any intelligent person could mistake the scope and meaning of the complaint, or be misled by the omission of these words, afterwards inserted by amendment."

Applied to the instant case, the question is: Does the original complaint filed in the justice court allege in substance that defendants held over without permission of their landlord? The *Conley Case, supra,* was for the removal of a tenant for the nonpayment of overdue rent. The complaint alleged that the rent became due November 21, 1889; that on January 7, 1890, complainant made demand in writing of said lessee that

he pay rent so due; that although more than three days had elapsed since such demand lessee failed to comply therewith or deliver up the possession of the leased premises, and continued to refuse so to do. The decision in that case is a very technical construction of the statute, in fact, out of harmony with the decision in *Minard v. Burtis, supra,* decided less than a year thereafter, and out of harmony with statutory enactments and decisions of this court since that time. Sec. 263.27, Stats., provides:

"In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties."

In *Baraboo Nat. Bank v. Corcoran,* 243 Wis. 386, 10 N. W. (2d) 112, the questions involved were whether proper notice was served under sec. 291.01 (3), Stats., and whether the complaint alleged violations of the terms of the lease, upon which an unlawful-detainer action could be maintained. The complaint set forth the material terms of the lease and alleged violations. The violations there were the same as in the instant case, namely, the subletting by the tenant of a part of the leased premises without consent of the lessor. There was an allegation that more than three days had elapsed since the service of notice, and that the tenant was unlawfully holding over without permission of complainant. The three-day notice was not strictly in accord with the requirements of the statute. The court said, page 389:

"While this is a statutory procedure, we must give some consideration to the purpose for which the statute was passed. Appellant was given notice that his lease was terminated under the option which the respondent had the right to exercise. The section in question provides that no action may be started until after three days' notice requiring the delivery of the possession of the premises has been served. The fact that the notice demanded immediate possession would not affect the right of appellant to successfully resist an action started prior

to the expiration of the three-day period. Appellant was not misled by the notice. If the notice had provided that he was to deliver possession at the expiration of three days, it would not have enlarged his privilege or changed his status."

Under the rule in *Minard v. Burtis, supra,* the complaint in an unlawful-detainer action need not allege in the exact words of the statute that defendant is holding over without permission. If the complaint shows in substance that the holding over is without permission of the landlord it is sufficient; that is all that the statute requires. The original complaint filed in the justice court alleged that plaintiff leased the premises to defendants for a specified purpose; that upon breach of any of the terms or conditions of the lease, the lease shall at the option of the lessor be void as to the lessee, and the lessor shall be entitled to the immediate possession of said premises without hindrance or delay. The breach is admitted by defendants. It is further alleged that on the 21st day of November, 1942, plaintiff served a three-day notice upon defendants to vacate the premises for the reasons that said premises were being used by defendant lessees for purposes other than agreed in accordance with the provisions in the lease; that said three-day notice was duly served upon all defendants by personal service; that the notice ordered defendant lessees to vacate the premises within seventy-two hours from receipt thereof; and that said defendant lessees had and do to this date refuse to vacate. If these allegations are not sufficient compliance with the statute, either in words or in substance, we have reached the end of liberal construction heretofore applied to pleadings. When the lessor of premises exercises an option to terminate a lease because of breach of conditions, notifies the lessee to get out and surrender possession of the premises, follows up with the three-day statutory demand, and then alleges in his complaint that the tenant refuses to vacate, it would be only quibbling with words to hold that such facts do not in substance declare that the holding over by the tenant

is without the consent of the landlord. The case of *Conley v. Conley, supra,* in so far as it is in conflict with this opinion, is overruled.

*By the Court.*—Judgment affirmed.