HARTNIP and another, Respondents, vs. FIELDS,
Appellant.

*September 12—October 16, 1945.*

For the appellant there was a brief by *Lehner & Lehner, Adolph P. Lehner,* and *Howard N. Lehner,* all of Oconto Falls, and oral argument by *Adolph P. Lehner.*

*Howard W. Eslien* of Oconto Falls, for the respondents.

FRITZ, J.    Fields' petition for *certiorari* was based, in part, on the ground that when the justice of the peace issued the summons in the unlawful-detainer action he had not acquired jurisdiction to issue a summons because Hartnips' complaint failed to state any cause of action for unlawful detainer in that, although the complaint alleged affirmatively "that prior to July 28, 1944, Marinette county did lease and let said premises to the said Willaim Fields, defendant, from month to month," there was no allegation stating on what date of the month such monthly period was to commence or terminate.    Likewise, although it was alleged also,—

"That on September 2, 1944, plaintiffs caused to be served on defendant personally a notice in writing requiring the delivery to plaintiffs in thirty days.    That over thirty days have elapsed since the service of the said notice, and that defendant still so unlawfully holds over without such permission,"—

there was no allegation stating the date of the commencement or the termination of the rent month.    In the absence of any allegation stating that date, it does not appear upon the face of the complaint that by virtue of the notice alleged to have been served on Fields on September 2, 1944, there was in fact and in law an effective termination of the tenancy at the end of the rent month.    And because that does not appear upon

the face of the complaint the allegations thereof are insufficient to state a cause of action for unlawful detainer in view of the rule that when there is a month-to-month tenancy (as plaintiffs allege in their complaint) the thirty days' notice must terminate at the end of the rent month and not before. As was said in *Molter v. Spencer*, 173 Wis. 38, 40, 180 N. W. 261, "This court is committed to the proposition that a month's notice, in order to terminate the tenancy, must expire at the end of the rent month." *Sutherland v. Drolet*, 154 Wis. 619, 624, 143 N. W. 663; *Scheuer & Tiegs, Inc., v. Benedict*, 173 Wis. 241, 181 N. W. 129.

It is well established likewise that when there is such a failure to allege a cause of action for unlawful detainer no jurisdiction is acquired by the justice of the peace; that because the action is entirely statutory, such want of jurisdiction goes to the subject matter, and is not cured by a general appearance of the tenant or by proof on the trial of the omitted facts, the absence of which render the complaint fatally defective; and that when the jurisdiction of the justice in an unlawful-detainer action is challenged in *certiorari* proceedings the essential jurisdictional facts must appear in the complaint and only such facts as appear from the allegations therein can be taken into consideration by the court in deciding the issue as to jurisdiction. *Conley v. Conley*, 78 Wis. 665, 47 N. W. 950; *Rupp v. Board of Directors*, 244 Wis. 244, 12 N. W. (2d) 26; Bryant's Wisconsin Justice (9th ed.), p. 542, sec. 497.

As this court said in *Conley v. Conley, supra* (p. 668),—

"Thus it will be observed that the first step in the action is the filing of a complaint with the justice in which must be stated, among other things, 'the facts which authorize the removal of the person in possession.' Such a complaint must be so filed before the justice can lawfully issue process to bring in the tenant. If any material fact is omitted from the complaint which the statute requires to be stated therein, the justice has no jurisdiction to issue a summons, and because

the action is entirely statutory such want of jurisdiction goes to the subject matter, and is not cured by a general appearance. of the tenant. . . . Sec. 3358 informs us what facts are conditions precedent to the maintenance of the action. . . . The existence of these facts must be stated in the complaint, or the justice has no jurisdiction to issue a summons or take any proceedings in the matter. . . . It is quite immaterial if the facts thus omitted in the complaint were proved on the trial. The statute is imperative that they must be stated in the complaint or jurisdiction of the subject matter is not obtained."

*By the Court.*—Judgment reversed, and cause remanded with directions to the circuit court to enter judgment adjudging void and of no effect, and vacating, the justice court judgment.