STATE EX REL. MILWAUKEE ELECTRIC TOOL CORPORATION, Appellant, vs. RIVER REALTY COMPANY, Respondent.

*April 12—April 18, 1946.*

590

For the appellant there was a brief by *Zillmer & Redford,* attorneys, and *E. H. Hallows* of counsel, all of Milwaukee, and oral argument by *Raymond T. Zillmer.*

For the respondent there was a brief by *Karon & Weinberg* of Milwaukee, and oral argument by *Morris Karon* and *Philip Weinberg.*

BARLOW, J. Respondent moved that the appeal be dismissed as frivolous or the judgment be affirmed summarily. By agreement of counsel the motion and appeal were argued together. It will be sufficient to state that the motion is denied.

The question presented for decision on appeal is whether the complaint in civil court stated a cause of action for unlawful detainer so as to give the court jurisdiction to issue a summons and hear the action.

Sec. 291.05, Stats., requires the party complaining to file a complaint in writing, giving the description of the premises of which possession is claimed, stating the facts which authorize the removal of the party in possession, naming him, and praying for removal.

The complaint alleges the defendant is in the possession of the premises (describing them) "under a verbal lease as

plaintiff's tenant from month to month, at a monthly rental of $500 per month, payable in advance, on the first day of each month." This is followed with an allegation that notice terminating the tenancy as of December 31, 1945, was served on September 26, 1945, and praying for defendant's removal.

Appellant contends this case is ruled by *Hartnip v. Fields* (1945), 247 Wis. 473, 19 N. W. (2d) 878. That case is readily distinguishable. The only allegation in the complaint was that the defendant was a lessee from month to month. Nothing in the complaint indicated when the lease began nor was there anything in the complaint from which it could be determined that it was terminated at the end of the rent month. It was not a question of construction of the language used in the complaint but a case where the complaint wholly failed to contain any allegation on the subject matter.

It is then argued that the complaint must be strictly construed and that sec. 263.27, Stats., providing that pleadings shall be liberally construed with a view to substantial justice between the parties, has no application to unlawful-detainer actions. We cannot agree with this contention. This court has frequently held unlawful-detainer complaints, like other pleadings, are to be liberally construed. *State ex rel. Engle v. Hilgendorf* (1908), 136 Wis. 21, 24, 116 N. W. 848; *Baraboo Nat. Bank v. Corcoran* (1943), 243 Wis. 386, 10 N. W. (2d) 112; *Rupp v. Board of Directors* (1943), 244 Wis. 244, 12 N. W. (2d) 26. This does not mean that statutory requirements may be ignored or not complied with, but it does mean that the court will apply the same liberal rules in construing pleadings in unlawful-detainer actions that it does in construing pleadings in other actions.

We shall examine appellant's main objection to the complaint in the light of the above rule. It is contended the complaint fails to allege either the beginning or the end of the rental period or the termination of the lease at the end of the rental period. The complaint alleges that appellant is occupy-

ing the premises as respondent's tenant from month to month at a monthly rental of $500 per month, "payable in advance, on the first day of each month." Reliance is had on the case of *Schissler v. Wisconsin Life Ins. Co.* (1925) 186 Wis. 477, 202 N. W. 177, wherein it was held that for the purpose of the contract the time was computed from the date specified in the contract. In the same manner a rent contract from month to month can begin on any day of the month and the period be computed accordingly. This does not change the meaning of the language of this complaint. Here we have a month-to-month rental with the rent payable in advance on the first day of the month, and the word "month" under sec. 370.01 (10), Stats., means a calendar month unless otherwise expressed. The notice terminating the lease was effective at the end of the calendar month. Certainly the first day of each month cannot be said to mean the fifth day of the month or some subsequent day. It is considered this allegation of the complaint is sufficient.

Some question is raised in the brief whether the lease should not have been terminated on January 1, 1946, if we hold it began December 1, 1945, citing the case of *State ex rel. Engle v. Hilgendorf, supra.* It is the well-settled rule in this state that a lease can be terminated only at the end of the rent period. *Sutherland v. Drolet* (1913), 154 Wis. 619, 143 N. W. 663; *Molter v. Spencer* (1920), 173 Wis. 38, 180 N. W. 261; *Scheuer & Tiegs, Inc., v. Benedict* (1921), 173 Wis. 241, 181 N. W. 129; *Hartnip v. Fields, supra.*

Other objections to the complaint have been fully considered, but they readily yield to the rule of liberal construction and no useful purpose will be served by discussing them in this opinion.

It is considered this case is governed by the case of *State ex rel. Engle v. Hilgendorf, supra,* wherein the court held that the only reasonable conclusion from the allegation in the complaint "that the respondent entered into possession of the

premises as a tenant from month to month, paying therefor a stipulated sum in advance on the first day of each and every month" is that the tenancy began on the first day of the month and expired on the last day of the month.

An unlawful-detainer action is summary. *Ela v. Bankes* (1873), 32 Wis. 635; *March v. Voorsanger* (1946), 248 Wis. 225, 21 N. W. (2d) 275.

*By the Court.*—Judgment affirmed, and record ordered remanded forthwith.