OATMAN *versus* MOODY F. WALKER AND GERRY COOK.

The day, upon which a deed is delivered, may be properly referred to, as the day of its date.

The date of a deed is not intended to express the hour or minute, when it was executed, but rather the time of its delivery.

In a contract dated *November* 25, 1848, conditioned to pay money, if, at the expiration of one year from the date, the contractee shall perform a specified act, the doing of the act by him on the 26th *of November*, 1849, is a seasonable performance, and entitles him to recover the money.

When such contract is made by several persons jointly, and the act to be done by the contractee is that of offering a deed of conveyance, it is not necessary to make the offer to more than one of them.

When a party has obligated himself to receive a deed of land and to pay therefor a stipulated sum, and the deed, though refused, was duly tendered and placed in a position to await the call of the obligor, the damage to be recovered, in a suit upon the obligation, is the contract price and interest.

ON Report from *Nisi Prius*, SHEPLEY, C. J. presiding. COVENANT BROKEN.

The defendants, with one Clapp, had conveyed to the plaintiff a lot of land, by a deed dated Nov. 6, 1848, and acknowledged Nov. 25, 1848, for the consideration of $1600.

On that 25th of November, the defendants gave to the plaintiff a joint sealed obligation, that if, at the expiration of one year from the date of said deed, he should prefer to reconvey said land to said Clapp, *Moody* and Walker, and shall offer to do the same, the obligors would accept the reconveyance and pay therefor the said sum of $1600. It appeared in the case that Clapp had no interest in the land, but executed the deed merely to aid in the division of certain estates.

On the 26th of Nov. 1849, the plaintiff executed a warranty deed of the land, running to Clapp, Walker and Cook, and tendered it to Walker who refused to accept it.

Clapp testified, subject to objection, *that* he had no interest in the land, or in any supposed reconveyance of it, *that* he never assented to be in any way bound by the obligation, and *that* he should not have taken the deed, if offered to him; and *that* he shall not accept any interest in the land.

This action is brought upon that obligation, and is submit-

ted for a legal decision. If the defendants are held liable, the rule of damages is to be fixed by the Court. It appeared upon the argument, that the deed is now on the files of the Clerk, ready for delivery to the defendants, whenever they may wish to receive it.

*Shepley* and *Dana*, for the plaintiff.

*Clifford*, for the defendants.

No tender of a reconveyance was made to .Cook, or notice that the plaintiff preferred or proposed to reconvey. *Brown* v. *Gammon*, 14 Maine, 276. The reconveyance was attempted too late.

The terms of the contract clearly show the necessity that the plaintiff should make known to each defendant, that he preferred to reconvey, and should make the offer to each.

The offer to convey was a condition precedent. 5 Pick. 395 ; 21 Pick. 90.

When Walker refused the deed, it was the plaintiff's duty to offer it to Cook.

It was of the essence of the contract that the offer of reconveyance should be made to both. They each had an interest to know whether the land was incumbered, by attachments or otherwise.

The obligation requires the deed of reconveyance to be made to Clapp, *Moody* and Walker ; not to Clapp, Walker and Co ok.

This was obviously a mistake. So the plaintiff's counsel concedes, and he asks the necessary correction to be made by the Court.

We also consider a correction necessary. Clapp had no interest in the land, was not one of the obligors. It was never contemplated that, in any event, any part of the land should be reconveyed to him. In such a supposition there would be an evident absurdity. The reconveyance, if any, was to be made to Walker and Cook, they alone being interested. Here is, by admission of both parties, a need of judicial interposition to reform a contract, at least to give it an effect according to its design. From the testimony of Clapp, taken in connection with the bond, the real design of the parties become perfectly

Oatman *v.* Walker.

obvious.   That design, when legally made apparent, the Court will effectuate.   Parol testimony was admissible to show it. 2 Cow. 228, per WOODWORTH, J. ; 8 Mass. 214; 10 Mass. 379; 11 Mass. 302; 11 Pick. 154 ; 16 Maine, 146 ; 13 Maine, 367; 20 Maine, 61; 24 Wend. 423; 3 Story's Rep. 181; 10 Metc. 170 ; 14 Maine, 185, 233 ; 19 Maine, 394; 17 Conn. 201 ; 19 Johns. 313; 1 Term Rep. 701; 13 Pick. 261, 530; 4 N. H. 23 ; 4 Mass. 110, 196 ; 7 Greenl. 421 ; 11 Maine, 426.

So the court, in such a case, will look into the motives that led to the contract.   2 Gill & Johns. 382; Levinz. 272 ; 2 Story's C. C. R. 286 ; 6 Cow. 483.

The word "reconveyance," in this case, cannot be taken in its technical sense.   The conveyance was to be to the obligors.

Walker and Cook owned the land, and received the $1600 of the plaintiff for it.   It would be absurd to suppose they stipulated to pay back that money on the plaintiff's deeding to them only two thirds of the land.

The defendants did not contract that Clapp should accept the conveyance, and he testifies that he should not have taken the deed, and should accept no interest in the land.   The effect is that one third of the land still remained in the plaintiff, notwithstanding the deed he offered.

SHEPLEY, C. J.   Is it clear, that if conveyance be made to three, and one of them refuse to accept, that one third remains in the grantor.   Suppose it made to A, B and C, and there be no such person as C, who takes the estate ?

*Clifford.*   The rule is that, if promise be made, and no promisee is named, it operates to the use of the party from whom the consideration moved.   By the converse of the rule, the deed must be made to the persons to whom in equity it belongs.

The obligation on which this suit rests is incongruous. Unless its meaning can be ascertained by extraneous proof, it is merely void.   1 Comyn's Dig. Agree. C.   If the extraneous proof be used, it clearly shows the deed was made to the wrong persons, and thus the action fails.

In cases like this, the rule of damage in this State is yet an open question. The proper distinction has not been kept up as to cases against *vendors* and cases against *vendees*. In this case, the plaintiff still owns the land. His attempted conveyance was not accepted, and therefore did not divest his title. Suppose, prior to the decision in this case, the land should be attached as property of the plaintiff. Doubtless his creditors could hold it. The established rule is to allow for breach of a contract the exact and real loss sustained. In this case, it would be the difference between the value of the land and the contract price. Some evasions of this rule have been effected by a bungling mode of compelling specific performance through the medium of a tender, and by treating the tender as a performance. But a tender is no performance. By a fiction, it is viewed as equivalent. But this is only for the special purpose of giving an action, not of fixing the damage. It is but a *quasi* performance. 21 Wend. 457; 17 Maine, 232; 1 Denio, 59. Suppose the defendants had waived the tender of a deed, and no deed had been made, what damage could the plaintiff recover? As it was, the deed passed nothing. Can the plaintiff keep the land, and yet recover its value? 19 Maine, 268; 15 Maine, 296.

Shepley, C. J. Suppose a deed made by A to B and deposited with C to be delivered to B, and B afterwards accepts it. Did the estate pass at the time of the deposit with C, or at the time of the acceptance by B? Suppose a father deposits a deed for his son and dies.

*Clifford.* As between the parties, it might pass by the deposit. But otherwise as to creditors. In the supposed cases, there was no refusal. In this case there was an express refusal.

Tenney, J. — The contract containing the covenant alleged to have been broken, recites, that Charles Q. Clapp and the defendants, conveyed to the plaintiff certain real estate in Portland, by deed dated Nov. 25, 1848, and covenanted " that if at the expiration of one year from the date of said deed,

said Oatman shall prefer to reconvey said land and house," —
" and shall offer to do the same, that the undersigned shall ac-
cept such reconveyance of said land and house, and shall pay
to said Oatman therefor the sum of sixteen hundred dollars."

This action is for the recovery of the consideration, which
was to be paid to the plaintiff, upon his offer to reconvey the
land.  The defendants, who executed the contract, deny the
right to maintain the action, and their counsel, in the argu-
ment, contend that the offer relied upon by the plaintiff, made
on Nov. 26, 1849, was not such as to create a fixed liability
in the defendants.

The deed from Clapp and the defendants, which was read
in the case, purports to be dated on Nov. 6, 1848, but is ac-
knowledged on the 25th of the same month.  The delivery
was probably on the day last mentioned, and it was undoubt-
edly the intention of the parties, that the reconveyance should
be made, if at all, within one year from the time the deed
took effect, which was not improperly called in the contract
its date.

It is well settled, that the words " from the date," and
" from the day of the date," have precisely the same meaning.
The date of a deed is not the hour or minute, when the deed
was executed, but a memorandum of the day, when the deed
was delivered.  This day, in a legal sense, is an indivisible
point of time, there being no fraction of a day.  Upon this
principle, the day on which the instrument is dated, in the
computation of time, is excluded.  *Bigelow* v. *Wilson*, 1
Pick. 485 ; *Wiggin* v. *Peters & al.* 1 Metc. 127 ; *Winslow* v.
*China*, 4 Greenl. 298 ; *Pease* v. *Norton*, 6 Greenl. 229.  Nov.
26, 1849, was therefore the day on which the plaintiff was
bound to make the offer of a reconveyance of the estate, if
he intended to hold the defendants liable for the payment of
the consideration.

Upon the offer of the plaintiff to reconvey the premises to
his grantors at the time stipulated, the defendants covenanted,
that they would accept the reconveyance, and pay the con-
sideration.  He could not have supposed, when that contract

was entered into, that he was obliged to do more, than was necessary according to its terms, to make effectual the re-conveyance. The object provided for in the contract, was a restoration of the parties to the situation, which they held before the conveyance to the plaintiff. Whatever would accomplish this on his part, the defendants fulfilling their contract according to its true meaning, was all which could be required of him, to entitle him to the consideration. If the reconveyance failed after he had done what was necessary for him to do, to make it perfect, by the omission of the other party, the latter cannot excuse themselves from liability, on the ground that he has neglected any form, which they may suppose he should have observed.

The contract on the part of the defendants is joint and not several. They constituted together but one party. The contract contemplates but one offer to reconvey on the part of the plaintiff. He had not the power to make it simultaneously to both, unless they had been together on the day when the offer was to be made, which he could not compel.' The plaintiff met Walker on the day on which the offer was to be made, having a sufficient deed, which he presented, and expressed his readiness to fulfil the contract on his part. The deed was refused by Walker.

If Walker had accepted the deed and paid the consideration, the acceptance would have divested the plaintiff of all interest in the estate, and the reconveyance would have been perfect. It was the privilege of the plaintiff to have made an absolute tender of the deed, and to have relied upon the personal contract of the defendants for the payment of the consideration. The case finds that he did make an unconditional tender of the deed to Walker, which he declined to accept. In that case, if the deed had been received, the title would have passed from the plaintiff, as effectually as it would have done, if the consideration had been paid.

The contract required no demand of the consideration of the defendants by the plaintiff. The tender of the deed, made in a proper manner, was the entire fulfilment of the condition

precedent, and entitled the plaintiff to the consideration; and to the maintenance of an action therefor on refusal or neglect to pay it. Though Cook had no knowledge of the tender, the acceptance of the deed would have been as beneficial to him, as though he had personally received it jointly with Walker.

A delivery therefore of the deed to one of the defendants would have been attended with every effect, to which both were entitled by the contract. It follows, that a refusal by one of them in the absence of the other, is a refusal to do that, which was alone necessary for a reconveyance, and which is a breach of the covenant, that the defendants made with the plaintiff. And a breach by one of the defendants, cannot of itself require an offer to the other, when the contract on both sides would have been wholly fulfilled, were it not for that breach.

The question of damages is submitted to our consideration, and has been argued by counsel. The deed which was tendered by the plaintiff to Walker and refused, is now upon the files of the court ready for delivery, when the defendants wish to receive it. In the case of *Alna* v. *Plummer*, 4 Greenl. 258, the defendant bid off a pew at auction; a memorandum thereof was made by the auctioneer, and a deed properly executed was tendered to the purchaser, which he refused to receive. The damages awarded were the purchase money and the interest thereon. The principle of this case was fully affirmed in the reasoning of the court in the case of *Robinson* v. *Heard*, 15 Maine, 296. But in that case, the deed had not been tendered or made and executed, and the rule was not applicable.

When a party, who has contracted in writing for the purchase of land, has done every thing on his part to entitle him to a conveyance, on a refusal of the other party, he can demand successfully specific performance. It is certainly reasonable, that the same right should be held by the one, who is to make the conveyance, and receive the consideration. In the latter case, when the deed has been tendered and refused,

and now awaits the call of those who covenanted to accept it, it is just, that the latter should be compelled in a suit at law, when damages alone can be awarded, to pay the price, which he had contracted to give, as the damages sustained by him, who had in good faith fulfilled the contract on his part, together with interest thereon.

*Defendants defaulted.*