ROSE BECKRICH et al., as Executors of NICHOLAS BECKRICH, Deceased, Appellants, *v.* CITY OF NORTH TONAWANDA, Respondent.

VENDOR AND PURCHASER — ACCEPTANCE BY A MUNICIPAL CORPORATION OF CONVEYANCE OF REAL PROPERTY — WHEN FORMAL RESOLUTION OF ACCEPTANCE BY COMMON COUNCIL IS NOT ESSENTIAL TO PERFECT TITLE — ACTION TO RECOVER PURCHASE PRICE. Where a municipality enters into a valid executory contract for the purchase of real estate, by accepting through a resolution of the common council with the approval of the mayor a written proposition for its sale, and a proper deed is delivered to the city clerk and by him to the city treasurer — a draft is drawn for the payment of the purchase money although it is not actually

delivered to the vendor — a change is made in the assessment maps, and finally the deed is recorded in the county clerk's office, there is a valid delivery to and acceptance thereof by the city, and a subsequent formal resolution of the common council accepting it is superfluous and not necessary to perfect title to the property; the fact, therefore, that such resolution was vetoed by the mayor will not defeat the vendor's right to maintain an action at law for the recovery of the contract price.

Beckrich v. City of North Tonawanda, 57 App. Div. 563, reversed.

(Argued May 8, 1902; decided May 20, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 22, 1901, affirming a judgment in favor of defendant entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

Lewis T. Payne for appellants. The proceedings on the part of the defendant constituted a valid, legal and binding contract on its part to accept the deed and pay the purchase price of the premises in question. (L. 1897, ch. 361; 2 Dillon on Mun. Corp. [4th ed.] §§ 741, 763; United States v. New Orleans, 98 U. S. 381; Armstrong v. Vil. of Fort Edward, 159 N. Y. 315; Williams v. Haddock, 145 N. Y. 144.) The acceptance by the defendant of plaintiffs' testator's proposition to sell to defendant the land described in the complaint for a market site does not create such an indebtedness as is prohibited by article 8, section 10, of the Constitution. (Armstrong v. Vil. of Fort Edward, 159 N. Y. 313; United States v. New Orleans, 98 U. S. 381; 2 Dillon on Mun. Corp. [4th ed.] §§ 741, 763; Bank for Savings v. Grace, 102 N. Y. 313.) If the defendant was, at the time of the acceptance of the proposition to sell, without funds to pay for the market grounds, it became its duty to put the machinery of the municipality in motion to raise by tax upon the property of the city the funds necessary to pay for the premises in question. (P. J. W. Co. v. Vil. of Port Jervis, 151 N. Y. 111; McCormack v. City of Brooklyn, 108 N. Y. 49; Sage v.

*City of Brooklyn*, 89 N. Y. 189.) There was sufficient evidence to authorize the jury to find for the plaintiffs upon the question of acceptance of the deed. This was a question of fact for the jury, and the court erred in directing a verdict for the defendant. (*Ten Eyck* v. *Whitbeck*, 156 N. Y. 341; *Waldron* v. *Fargo*, 170 N. Y. 130; *Gifford* v. *Corrigan*, 117 N. Y. 257; *Chouteau* v. *Suydam*, 21 N. Y. 279; *Brackett* v. *Barney*, 28 N. Y. 340; *McIlhargy* v. *Chambers*, 117 N. Y. 539; *Clark* v. *Gifford*, 10 Wend. 313; *Purdy* v. *Coar*, 109 N. Y. 448; *Robinson* v. *Wheeler*, 25 N. Y. 252; *Van Rensselaer* v. *Vickery*, 3 Lans. 59.)

*James P. Lindsay* for respondent. Plaintiffs failed to prove any valid delivery to defendant of a deed of conveyance of the real estate described in the complaint. (*Ten Eyck* v. *Whitbeck*, 156 N. Y. 341.) There was no evidence that the resolution of defendant's common council accepting the proposition of plaintiffs' testator was ever communicated to him by such council, or pursuant to its direction, and hence there was a failure on plaintiffs' part to prove on the trial an essential fact or element necessary to make out a complete contract by proposal and acceptance. (*Mectier* v. *Frith*, 6 Wend. 103, 121; *White* v. *Corlies*, 46 N. Y. 467.) There is no evidence in this case of any valid or legal tender to defendant of a deed of conveyance of the premises in question. (*Beecher* v. *Conradt*, 13 N. Y. 108; *Higgins* v. *Eagleton*, 155 N. Y. 473; *Grant* v. *Johnson*, 5 N. Y. 247; *Chapin* v. *Rowley*, 18 Wend. 187; *Tipton* v. *Feitner*, 20 N. Y. 423; *People's Bank* v. *Mitchell*, 73 N. Y. 406; *Nelson* v. *Plimpton*, 55 N. Y. 480; 2 Pars. on Cont. 660; *Abbey* v. *Mace*, 46 N. Y. S. R. 764; *Dannat* v. *Fuller*, 120 N. Y. 554; *Finch* v. *Parker*, 49 N. Y. 1; *Thomas* v. *Dickenson*, 12 N. Y. 369.) Even though the premises in question had been actually conveyed to defendant and it retained ownership thereof, the indebtedness incurred by defendant in the purchase of the same was void. (*Smith* v. *City of Newburgh*, 77 N. Y. 130; *McDonald* v. *Mayor, etc.*, 68 N. Y. 23; *Brady* v. *Mayor*

*etc.*, 20 N. Y. 312; *Brown* v. *Mayor*, etc., 63 N. Y. 242, 243; *Bank for Savings* v. *Grace*, 102 N. Y. 313.) There was no question of fact in the case as to the delivery to defendant of a deed of the premises in question. (*Young* v. *Town of Macomb*, 11 App. Div. 480; *Dounce* v. *Dow*, 64 N. Y. 411; *O'Neil* v. *James*, 43 N. Y. 84; *Filipine* v. *Stead*, 4 Misc. Rep. 405; *Trustees of East Hampton* v. *Vail*, 151 N. Y. 463; *Thompson* v. *Simpson*, 128 N. Y. 270.)

O'BRIEN, J.    This is an action at law to recover the sum of three thousand dollars and interest, the purchase price of certain real estate which the plaintiffs' testator sold and conveyed to the defendant for a public market. A valid executory contract of sale was entered into between the plaintiffs' testator and the defendant on the 19th of October, 1897. About a year afterwards, and on the 9th of October, 1898, the vendor died, leaving a last will and testament, in which the plaintiffs were appointed his executrix and executor. It is claimed on the part of the plaintiffs that prior to the death of the testator the contract of sale and purchase was consummated by the delivery of a deed to the defendant which was recorded in the proper clerk's office, and that the vendor thereupon became entitled to the payment of the purchase price by the defendant. On the trial of the action the plaintiffs' counsel moved for the direction of a verdict, which the court refused, and he then asked to have the case submitted to the jury on a question which will be hereafter referred to. This request was denied under exception, and the trial court thereupon directed a verdict for the defendant, to which direction the plaintiffs' counsel excepted. It is, therefore, very clear that if the plaintiffs had made out a case which entitled them to recover as matter of law, or if there was any conflict in the evidence in regard to the question referred to, which the trial court refused to submit to the jury, this judgment cannot be upheld. There was an element in the case that the learned court below held to involve a question of fact, and that was whether the defendant had the power to contract the debt in

question by reason of the limitations upon the power of cities in that respect prescribed by the Constitution. But the court held substantially that in their view of the case, that question was immaterial, but if it was otherwise, the case should have been submitted to the jury. This view in regard to that question was doubtless correct, and the constitutional limitations upon the power of the defendant to create the debt in question is, therefore, not involved in this appeal, since the sole ground upon which the verdict for the defendant was directed was, that the plaintiffs failed to prove that the defendant ever accepted the conveyance which their testator made to the city. That is the only question presented by this appeal, and that is the only question that need now be considered.

The learned judge who delivered the opinion of the court below was entirely correct in his statement that the material and substantial facts involved in the controversy were undisputed, and a very full and fair statement of these facts is to be found in the opinion. The defendant was incorporated as a city by chapter 361 of the Laws of 1897. The charter confers upon the common council the power to purchase market grounds and to establish a regular public market. But this power was subject to the mayor's veto, as expressed in section 5 of chapter 6, whereby power was conferred upon the mayor to veto any resolution of the common council, and this could be overruled only by a two-thirds vote of the members. On the 5th of October, 1897, the common council, by resolution, authorized the clerk to advertise for proposals for a market site, and pursuant to such resolution a notice was published for two weeks. On the 19th of the same month, at a meeting of the common council, plaintiffs' testator presented a written proposition to sell the property in question for the sum of three thousand dollars payable on the execution and delivery of a deed, and thereupon the common council, by resolution, accepted this written proposition. All these resolutions were duly approved by the mayor. On the 3rd of November, 1897, the common council passed another resolution directing that an order be drawn on the treasurer

for the purchase price of the property in favor of the plaintiffs' testator and placed in the hands of the mayor until the property be conveyed to the city by warranty deed, with abstract of title to be approved by the proper officer. On the next day this order was drawn, signed by the clerk, but it was never signed or indorsed by the mayor, and was never delivered to the plaintiffs' testator. A few days thereafter, on November 9th, 1897, the common council, at a regular meeting, passed a resolution directing the city engineer to establish the grade of the streets about the proposed market site, and to make plans for necessary sewers and for grading the market site up to the proper street level. Thereupon the city engineer surveyed the property, set monuments on street corners, and made plans for a sewer, and profile of proposed grades about the site. No street was ever actually opened or grading done, or work performed upon, or with reference to the proposed site. Subsequently and in the month of March, 1898, the plaintiffs' testator caused to be presented to the common council a written notice stating that the deed had been delivered and that the title had been approved by the city attorney, and requested that the order for the purchase money in the hands of the mayor be delivered to him. It seems that no action was taken by the common council at that time with reference to the communication. Subsequently, however, on the 30th of March, 1898, at a meeting of the council, a resolution was passed that the conveyance be accepted and that the city clerk cause the same to be recorded. It seems that about this time the personnel of the city government changed. The city clerk seems to have gone out of office about April 5th, 1898, and he was requested or urged to put the conveyance on record before he left office. The mayor, however, had not acted on the resolution above referred to, and his time to do so had not expired, but the clerk, without calling the mayor's attention to the resolution, took the deed to the treasurer, had it registered, and delivered it to the county clerk for record. The conveyance having passed the treasurer's office, the change was made on the assessors' map

in accordance therewith by the city engineer, which change assumed that the land had become the property of the city. On the 8th of April, 1898, the mayor vetoed the resolution of the common council accepting the deed, and this veto has never been overruled, and, for all the purposes of this case, it will be assumed that this resolution was inoperative. At the same meeting of the common council, at which the mayor's veto was presented, the common council audited the bill of the county clerk for recording the deed and ordered it paid. This conveyance, which was acknowledged November 2nd, 1897, is now upon record in the proper office. After the death of the plaintiffs' testator, the plaintiffs, by their attorney, presented a communication to the common council, at a meeting held October 18th, 1899, in which it was stated that a conveyance was delivered to the city about April 1st, 1898, and a demand was made for the purchase price. The assessors, by reason of the change in their map, did not assess the property during the years 1898 and 1899. It was treated in that respect as city property. No complaint or objection is now or ever has been made as to the form of the conveyance or the title to the property. This action was commenced November 1st, 1899.

There is no dispute or controversy whatever in regard to these facts, and the question here is with regard to their legal significance. It will be observed that there was a valid executory contract entered into between the parties for the sale and purchase of this land by the written proposition presented to the city by the plaintiffs' testator, and the acceptance thereof by the governing body thereof and the approval of the mayor, the chief executive officer. There is no room, we think, for dispute or disagreement in regard to that proposition. But assuming, as we must, that the last resolution of the common council accepting the deed, which was then upon record, became inoperative by the action of the mayor, the question arises whether this defeats the plaintiffs' right of recovery. In other words, may the vendee of real estate under a valid executory contract, where the deed is not only

tendered, but actually delivered, defeat an action by the vendor for the recovery of the purchase price, by refusing to accept the deed? We think that the resolution of the common council accepting the deed was not necessary to a valid delivery and acceptance. The legislative body had already determined to purchase the property and had passed the necessary resolution for that purpose. The contract of purchase and sale was complete and bound the city and the vendor in the same way as if it was a contract between private parties. The vendor could have performed his contract by the delivery of a valid deed to the mayor, to the financial officer or possibly to any executive officer of the city. The common council or any of the executive officers of the defendant could have rejected the deed by reason of any material defect in its form or in the title of the land conveyed. But the right of the vendor to have his contract performed was not subject to any change of views in regard to the property on the part of the common council or the city officers. Of course, in an action for specific performance, there would be no dispute in regard to this proposition. But this is not an action for specific performance. It is an action at law to recover damages or the purchase price of the land sold and conveyed, and in such a case the rule seems to be that when a deed has been duly tendered to the vendee in a contract for the purchase and sale of real estate, and being refused by him, has been deposited in a place subject to his call, the vendor may sue at law to recover the contract price agreed to be paid, with interest. (1 Sugden on Vendors [14th ed.], p. 545, note; *Richards* v. *Edick*, 17 Barb. 265; *Franchot* v. *Leach*, 5 Cow. 506; *Shannon* v. *Comstock*, 21 Wend. 457; *Tripp* v. *Bishop*, 56 Pa. St. 424; *Jacobs* v. *Peterborough & S. R. R. Co.*, 8 Cush. 223; *Sears* v. *City of Boston*, 16 Pick. 357; *Gill* v. *Bicknell*, 2 Cush. 358; *Oatman* v. *Walker*, 33 Me. 67.) The vendor in an executory contract of sale of real estate holds the title thereof as trustee for the vendee. (*Pelton* v. *Westchester F. Ins. Co.*, 77 N. Y. 605; *Hathaway* v. *Payne*, 34 id. 92; *Cogswell* v. *Cogswell*, 2 Edw. Ch. 231.) From

the moment that the executory contract was completed by the acceptance on the part of the city of the vendor's written proposition to sell and convey the land, the equitable title was in the city, and the vendor is to be treated as the owner of the purchase money. ( *Williams* v. *Haddock*, 145 N. Y. 144.) This title was transformed into a legal estate by the subsequent delivery of a deed which conveyed a good title.

We have said that the deed was delivered, and it seems to us that it was. How may an individual who has contracted to convey land to a city deliver the deed? Is not a delivery to the mayor or to the comptroller or treasurer good and sufficient to vest the title in the vendee? We are aware of no principle or rule of law to the contrary. It seems to have been assumed in this case that the approval or permission of the common council expressed in the form of a resolution accepting the deed was essential to the perfection of title in the city, and that since such a resolution was defeated by the action of the mayor there was neither delivery nor acceptance. It would, we think, be difficult to show that either the assumption or conclusion rested upon any sound principle or is supported by any respectable authority. The mayor simply vetoed a resolution that was merely superfluous, and that had no effect whatever upon the rights of the vendor whether enacted or defeated. When the latter delivered a valid conveyance in pursuance of the contract to some proper executive officer representing the city, the law settled his rights, and they do not depend upon any subsequent action of the common council. That body having contracted for the purchase of the land, the examination of the title, the payment of the purchase price, the delivery and recording of the deed were matters of detail relating to performance that could be transacted between the vendor and the city officers exercising executive or administrative functions. It is not necessary to hold in this case, and we do not hold that the mere tender of a deed by the vendor entitled him to maintain an action at law for the recovery of the contract price. In some of the cases cited it will be seen that a rule as broad as that has been

laid down, but there is much conflict of opinion upon the subject, and we will not attempt to formulate a rule beyond what is required by the circumstances of this case. Here there was much more than the mere tender of a deed. The vendor intended to and did divest himself of the title and performed every act to that end that was within his power. There was a delivery of the deed to the clerk, and by him to the treasurer. There was a draft or order drawn for the payment of the purchase money, though not actually delivered. There was a change made of the assessment maps, and finally a delivery of the deed to the county clerk for record and an actual recording of the same. When this action was commenced the legal title of record was in the defendant, and it is still there. On payment of the purchase price or judgment, the title of the city is complete and unquestionable. In such a case the vendor is entitled to recover the purchase price at law, and the formal acceptance of the deed by the common council was not necessary to perfect that right. Much less does the disapproval by the mayor of the resolution actually accepting it embarrass the plaintiffs' right of action. There was no actual refusal on the part of any city authority to accept the deed. The veto of the mayor disapproved of the resolution of the common council, but contained no objection to the deed or any affirmative refusal on his part to accept it, though possibly that may have been what was intended. But the defendant could not, under such circumstances, defeat the vendor's right of action through the mayor's veto. The transaction had reached such a stage that the mayor had no power to change the legal obligations of the parties to the contract. The fundamental error in the argument in behalf of the city is to be found in the assumption that the resolution of the common council accepting the deed was essential in order to vest the city with the title to the land, or to the consummation of the transaction.

It seems to me, therefore, that the plaintiffs were entitled, so far as this question was concerned, to have the verdict directed in their favor. But the most favorable view for the

defendant would not justify the direction made at the trial. If there was any conflict in the evidence, which we are unable to perceive, or different inferences to be drawn from the facts, or any question of actual intention, or of the authority of the city officers, who were actors in the transaction, to do as they did, then the question of delivery and acceptance should have been submitted to the jury. It was shown that the deed was in the possession of the city clerk and city treasurer, and that the former procured it to be recorded, and that before the action was brought the grantor died. Under such circumstances, the legal presumption is that the deed was delivered. (*Townsend* v. *Rackham*, 143 N. Y. 516.)

The judgment must be reversed and a new trial ordered, with costs to abide the event.

GRAY, BARTLETT, HAIGHT, CULLEN and WERNER, JJ., concur; PARKER, Ch. J., absent.

Judgment reversed, etc.