NORTH SHORE MATERIAL COMPANY, Appellant, vs. FRANK W. BLODGETT, INC. and others, Respondents.

*October 11—November 7, 1933.*

The cause was submitted for the appellant on the brief of *Wood, Warner & Tyrrell* and *A. B. Weller,* all of Milwaukee, and for the respondent Fidelity & Deposit Company of Maryland on that of *Douglass Van Dyke* of Milwaukee.

FRITZ, J. The contract in question was completed and accepted on April 30, 1929, but this action was not commenced until April 30, 1930. Sec. 289.16 (2), Stats., authorizing the maintenance of an action against a surety, guaranteeing the performance of a contract for public work, provides (so far as here material) :

"Any party in interest may, within one year after the completion and acceptance of said contract, maintain an action in his own name against such contractor and the sureties upon such bond required by this section. . . ."

Under that provision this action was not maintainable against the surety unless commenced "within one year after the completion and acceptance" of said contract. If the 30th day of April, 1929, is to be included in computing the

time, then the year commencing on that day expired April 29, 1930.

In *Siebert v. Jacob Dudenhoefer Co.* 178 Wis. 191, 188 N. W. 610, this court said:

". . . The rule is well established on an issue of limitation where the time is to be computed from a certain date, that in the computation the day of the date is to be excluded, and where the computation is from a certain event, the date of that event must be included."

To the same effect, on the question of from when the time is to be computed, see *Wright v. Forrestal,* 65 Wis. 341, 348, 27 N. W. 52; *Ellison v. Straw,* 119 Wis. 502, 505, 97 N. W. 168.

Under the provision "within one year after the completion and acceptance of said contract" in sec. 289.16 (2), Stats., the time is not to be computed from a certain date, but is to be computed from a certain event, viz. "the completion and acceptance" of the contract. In the case at bar that event occurred some time during the 30th day of April, 1929, and the balance of that day constituted the commencement and was part of the one-year period for the commencement of an action on the surety bond. Consequently, that 30th day of April, 1929, must be included in the computation, and the year ended on April 29, 1930.

Appellant contends that because sec. 289.06, Stats., provides that actions to enforce liens for materials furnished for private work may be brought within one year "from the *date* of the last charge" for furnishing such materials, and because this court held in *Wisconsin Brick Co. v. National Surety Co.* 164 Wis. 585, 160 N. W. 1044, that the remedy under sec. 289.16, Stats., is coextensive with the remedy afforded by sec. 289.06, Stats. (*Webb v. Freng,* 181 Wis. 39, 45, 194 N. W. 155), therefore the period of limitation for the commencement of a materialman's action against

a surety under sec. 289.16, Stats., in order to be coëxtensive with the remedy under sec. 289.06, Stats., should also be computed from the *date* of the event, and not from the event itself. It is true that the period allowed by sec. 289.06, Stats., for the commencement of actions to enforce liens for materials furnished for private work is "within one year" from "the *date* of the last charge." That wording constitutes an instance in which the time is to be computed from a certain date instead of from an event, and in consequence that wording, under the well established rule applied in *Siebert v. Jacob Dudenhoefer Co., supra,* that date is to be excluded in the computation as to when the period of limitation terminates. However, it is fatal to appellant's contention that sec. 289.16, Stats., differs materially from sec. 289.06, Stats., in that under the wording of sec. 289.16, Stats., the time of limitation is to be computed from the occurrence of a specified event instead of from the date of that event. In that crucial respect the words in the two sections are not identical, and the difference in their legal significance is such as to necessitate a different conclusion as to the termination of the remedy in this respect under sec. 289.16, Stats. Although, as was said in *Wisconsin Brick Co. v. National Surety Co., supra,* "Identical words in the two statutes should doubtless receive identical construction," words which differ materially in their established legal significance do not require identical construction.

*By the Court.*—Judgment affirmed.