DE FOREST LUMBER COMPANY, Appellant, vs. POTTER and wife, Respondents.

*November 7—December 5, 1933.*

For the appellant there was a brief by *Bull, Biart & Bieberstein,* attorneys, and *James S. Timmons* of counsel, all of Madison, and oral argument by *Adolph J. Bieberstein.*

For the respondents Potter there was a brief by *Hill, Beckwith & Harrington* of Madison, and oral argument by *John T. Harrington.*

NELSON, J. This appeal presents but one question for determination: Was the affidavit of renewal, filed on July 24, 1931, filed within thirty days next preceding the expiration of one year from the date of the last charge for performing such work and labor or the furnishing of such materials? Sec. 289.06, Stats. 1929. The "date of the last charge" was July 24, 1930, and unless the one year mentioned commenced to run on that date such year did not expire until July 24, 1931. The meaning of the language "from the date of the last charge" is so clear as to admit of but one

construction. A year "from the date" does not start to run until the date has expired. July 24, 1930, considered as a date, did not expire until 12 o'clock p. m. when said day ended. "No moment of time can be said to be after a given day until that day has expired." *Bigelow v. Willson,* 18 Mass. (1 Pick.) 485, 494. Compare *Oatman v. Walker,* 33 Me. 67. Whenever this court has had occasion to consider the time within which a claim for lien might be filed or an action commenced thereon under sec. 289.06 (formerly sec. 3318), it has, in computing the six months "from the date of the last charge" or the one year "from said date," excluded the date of last charge. In *Kerrick v. Ruggles,* 78 Wis. 274, 47 N. W. 437, certain machinery for which a lien was claimed was shipped March 10, 1887. An action to foreclose and enforce a lien was commenced September 10, 1887. It was held that the plaintiff was entitled to a lien. It was there said:

"The account for a portion of the machinery is dated March 9, 1887, but it sufficiently appears from the evidence that the same was not shipped until the next day, and both purchases were professedly made for the same mill, and hence the trial court was justified in finding that the petition was filed within the time prescribed by sec. 3318, R. S."

In *Williams v. Lane,* 87 Wis. 152, 58 N. W. 77, it appears with respect to the claim of Bigelow & Company involved therein, that the date of the last work performed was August 4, 1888, and the date of the last material furnished was August 5, 1888, which latter date was a Sunday. The action was commenced August 6, 1889. The last charge for labor, alleged to have been performed on August 4th, was disallowed by the court. It was there said, though such language was not necessary to the decision:

"The last item of labor (August 4th) appears to have been disallowed by the court; but, if the evidence showed that it should have been allowed, it would then appear that the last day to bring an action to enforce a lien for the

claim of Bigelow & Co. was August 4, 1889, and this was Sunday, and the action was not commenced until the next day."

In *Brown & Haywood Co. v. Trane,* 98 Wis. 1, 73 N. W. 561, a case involving an asserted subcontractor's lien for glass furnished, and the construction of the following language of the statute, "within sixty days after performing such work or labor or furnishing such materials, he shall give notice in writing to the owner," etc. (it appearing that the glass was furnished October 11, 1895, and the notice of claim and right of lien was not served until January 11, 1896), it was said, though such language was again not necessary to the decision:

"Had the glass been suitable, and in compliance with the plaintiff's contract, it does not admit of any doubt but that the plaintiff's time within which to give notice of its claim of lien therefor would have expired sixty days thereafter, or as early as December 11th."

It thus appears that this court, in computing the time "from the date of the last charge," has always held that such date should be excluded. Those decisions are in harmony with the conclusion reached in *Siebert v. Jacob Dudenhoefer Co.* 178 Wis. 191, 188 N. W. 610, where it was said:

"The rule is well established on an issue of limitation where the time is to be computed from a certain date, that in the computation the day of the date is to be excluded, and where the computation is from a certain event the date of that event must be included."

That rule was approved in the very recent case of *North Shore Material Co. v. Frank W. Blodgett, Inc., ante,* p. 70, 250 N. W. 841.

Defendants Potter earnestly contend that sec. 370.01 (24), which relates to the construction of statutes and provides as follows:

"*Time, how computed.* The time within which an act is to be done as provided in any statute, when expressed in

days, shall be computed by excluding the first day and including the last, except that if the last day be Sunday it shall be excluded; and when any such time is expressed in hours the whole of Sunday, from midnight to midnight, shall be excluded,"—

evinces a legislative intention to depart from the common law with respect to computation of time when expressed in days, and that since months or years are not mentioned therein the first day of a month or year should be included. There is basis for this contention in the language of the *Siebert Case, supra,* where it was said:

"This statute evidently creates an exception to the general rule, applicable only where the time limited is expressed in days, and clearly implies that where the limitation is expressed in weeks, months, or years the first day is included."

That language was evidently based upon a conclusion reached by the court of appeals of New York in *Aultman & Taylor Co. v. Syme,* 163 N. Y. 54, 57 N. E. 168, in which the question dealt with was whether a certain execution had been issued within five years from the recovery of plaintiff's original judgment therein. It was held that in that situation the day on which the judgment was obtained should be included. That court, after an extended review of the legislative history relating to the statute therein construed, held that the legislature intended to provide a uniform rule for the computation of time including days, weeks, and months, but did not extend the rule to apply to years. So much of the New York statute as was considered therein provided:

"The day from which any specified number of days, weeks or months of time is reckoned shall be excluded in making the reckoning."

It will be noted that the wording of that statute differs materially from our own. It may also be noted that it was unnecessary for the court in the *Siebert Case* to construe

sec. 370.01 (24) since the court had already approved of the rule that where time is to be computed from a certain date the day of the date is to be excluded, and where the computation is from a certain event the date of that event must be included. The *Siebert Case* dealt specifically with an event or the happening of an event, and properly held, we think, that the day of such event should be included in computing time.

When the legislature in plain unambiguous language fixes a period of time from a certain date as here, "the date of the last charge," in which an act must be done, we think it reasonable to conclude that it intended that such language should be construed and understood according to its common and approved usage. Sec. 370.01 (1), Stats. We think the legislature clearly intended by the language employed in sec. 289.06 that the date of the last charge should not be included in computing the periods of time therein mentioned. To hold otherwise would necessarily result in loss of one day when the six months or one year from "the date of the last charge" is computed.

*By the Court.*—Order reversed, with directions to sustain the demurrer.