Hotel Hay Corporation, Appellant, vs. Milner Hotels, Inc., Respondent.

*September 15—October 11, 1949.*

For the appellant there was a brief by *Bouck, Hilton & Dempsey* of Oshkosh, and oral argument by *Joseph F. Dempsey*.

For the respondent there was a brief by *Keefe, Patri, Stillman & Nolan,* attorneys, and *Barnard & Allen* of counsel, all of Oshkosh, and oral argument by *Charles A. Barnard* and *D. K. Allen.*

FRITZ, J. The facts involved on plaintiff's appeal from the summary judgment are the following: On October 31, 1942, plaintiff, as the owner of a hotel in the city of Oshkosh, leased the hotel with its furnishings and equipment for a term of ten years to the defendant, which had its principal office in Detroit, Michigan. So far as here material the lease provided:

That defendant covenanted to agree to a schedule and inventory of the furniture, fixtures, and equipment in the leased premises and to make the schedule a part of the lease; that defendant agreed that during the term of the lease, "it will make all necessary repairs to the interior of the demised premises, and keep the furniture and fixtures in good order and repair;" that "If any default be made in the conditions, covenants, and agreements herein contained on the part of the lessee to be kept and performed, then it shall be lawful for the said lessor to declare said term ended and to re-enter into and repossess the said premises and to remove and put out the lessee and each and every other occupant;" and that "in the event the lessee defaults in any terms or conditions of this lease, the lessor agrees to notify the lessee by registered mail at its principal office in Detroit, Michigan, and allow lessee twenty (20) days to correct such default."

In its complaint plaintiff based its cause of action on two alleged breaches of the lease, viz.:

(1) That defendant repeatedly refused to enter into an agreement with plaintiff with reference to the inventory made a part of the lease; hence the parties have not a complete lease;

(2) That the covenants of good order and repair entered into by defendant have been consistently breached.

On March 30, 1948, plaintiff's attorneys at Oshkosh mailed a registered letter, addressed to Milner Hotels, Inc., Room

3500, Book Tower, Detroit 26, Michigan, which set forth the above-stated alleged breaches of the terms and conditions of said lease on the part of the defendant, and stated that,—

"Unless these defaults on your part are cured within the next twenty (20) days, we will immediately take such steps as will be necessary to rescind the lease and restore the property leased thereby to the Hotel Hay Corporation."

On April 19, 1948, plaintiff had the American Appraisal Company make an inspection of the demised premises to determine whether or not the defendant had remedied any of the defaults on its part. On April 20, 1948, plaintiff served on defendant a three-day notice in writing in which it stated:

"You are hereby requested to deliver to the Hotel Hay Corporation, a Wisconsin corporation, with its principal office in the city of Oshkosh, Winnebago county, Wisconsin, at the expiration of three (3) days after the service of this notice possession of the following described premises: . . ."

On April 24, 1948, plaintiff commenced the unlawful-detainer action in justice court against defendant. Defendant's motion for summary judgment was based principally on the fact stated in the affidavit of J. Harold Blanton, its comptroller, at defendant's principal office in Detroit, Michigan, that plaintiff's attorneys' registered letter, dated March 30, 1948, was not received by defendant at its principal office in Detroit until on April 1, 1948. There is no evidence in denial of that fact, and therefore defendant contends on its motion for summary judgment that, (1) the twenty-day period allowed under the provision in the lease for the defendant to correct its defaults as lessee did not expire, and defendant was not in default until the end of said twenty-day period on the 21st day of April; and that, (2) consequently plaintiff's three-day notice to defendant to vacate could not be served effectively prior to April 22d, and then defendant was entitled to have until the end of said three days within which to vacate

the premises. The trial court rightly concluded that because plaintiff failed to allege in its complaint or otherwise state facts to show that defendant had received and been given notice to correct the alleged defaults, as required by the provision in the lease, viz. :

"In the event the lessee defaults in any terms or conditions of this lease, the lessor agrees to notify the lessee by registered mail at its principal office in Detroit, Michigan, and allow lessee twenty (20) days to correct such default,"

and because said twenty-day period within which defendant had to correct the default did not begin until defendant received said notification at its Detroit office on April 1, 1948, it is evident that the court did not have jurisdiction to try the case on its merits. Therefore the court adjudged the dismissal of the action.

As stated in 39 Am. Jur., Notice and Notices, p. 238, sec. 11, "The nature of notice required by contract depends, of course, upon the provisions of the contract." As under the contractual provision in the lease the lessor agreed to notify the lessee, in the event of its default, by registered mail at its principal office in Detroit, and that provision allowed lessee twenty days to correct such default, the notice required to be given to the lessee did not become effective at the time of the mailing of the registered letter at Oshkosh on March 30, 1948, and plaintiff has not alleged that the letter sent by the plaintiff's attorneys was delivered to the defendant on that date at its office in Detroit. As stated in 46 C. J., Notice, p. 559, sec. 69,—

"In the absence of custom, statute, estoppel, or express contract stipulation, when a notice, affecting a right, is sought to be served by mail, the service is not effected until the notice comes into the hands of the one to be served, and he acquires knowledge of its contents. . . ." See also *In re Letterman, Becher & Co.* (2d Cir. 1919), 260 Fed. 543, 548.

Moreover the lease does not provide that the lessee shall correct any default *within* twenty days after the date of mailing of the letter, but instead the provision as to notice allows the lessee the full period of twenty days to correct its defaults. Consequently, as the notice by plaintiff's attorneys' letter of March 30, 1948, did not become effective until the receipt thereof at defendant's principal office in Detroit on April 1, 1948, and as defendant, under the contractual provision in the lease, was entitled to all of the allowed twenty-day period to correct its default, and that did not start to run until after the defendant actually received the notice on April 1, 1948, until defendant had failed to correct them by the end of that period, the statutory three-day notice to quit could not be served effectively upon defendant. And in computing that twenty-day period and determining the earliest date upon which the three-day notice to quit could be served effectively there is applicable the rule that,—

"In the absence of any statutory provision governing the computation of time, the authorities are uniform that where an act is required to be done a certain number of days or weeks before a certain other day upon which another act is to be done, the day upon which the first act is to be done must be excluded from the computation, and the whole number of the days or weeks must intervene before the day fixed for doing the second act." *Ward v. Walters,* 63 Wis. 39, 44, 22 N. W. 844; *De Forest Lumber Co. v. Potter,* 213 Wis. 288, 251 N. W. 442.

Sec. 291.05, Stats., provides that in an action for unlawful detainer there must be a written complaint "stating the facts which authorize the removal of the person in possession." In the absence of allegations of facts which are conditions precedent to the maintenance of the action, the court has no jurisdiction to issue a summons or take any proceedings in the matter. *Conley v. Conley,* 78 Wis. 665, 668, 47 N. W. 950; *Hartnip v. Fields,* 247 Wis. 473, 19 N. W. (2d) 878. In the case at bar compliance with the provision in the lease that,—

"In the event lessee defaults in any terms or conditions of this lease, the lessor agrees to notify the lessee by registered mail at its principal office in Detroit, Michigan, and allow lessee twenty (20) days to correct such default,"

is a condition precedent which is as binding on the lessor as the statutory conditions stated in sec. 291.01, Stats., and which must be duly performed and complied with by a plaintiff before the statutory three-day notice requiring delivery of the premises to plaintiff can be served effectively. Compliance with such condition precedent must fully appear on the face of the complaint (sec. 291.05, Stats.) ; and in the absence thereof the justice court was without jurisdiction to issue a summons.

*By the Court.*—Judgment affirmed.