LIVESEY, and another, d/b/a Livesey Enterprises, Plaintiffs-Appellants, v. COPPS CORPORATION, Defendant-Respondent.†

Court of Appeals

*No. 78–287. Argued April 19, 1979.—*
*Decided May 29, 1979.*
(Also reported in 280 N.W.2d 339.)

† Petition to review denied.

For the plaintiffs-appellants there were briefs by *Peter R. Dohr* and *Ross & Stevens, S. C.* of Madison, and oral argument by *Peter R. Dohr.*

For the defendant-respondent there was a brief by *Gerald M. O'Brien* and *Anderson, Fisher, Shannon, O'Brien & Rice,* of Stevens Point, and oral argument by *Gerald M. O'Brien.*

Before Gartzke, P.J., Bablitch, J. and Dykman, J. °

GARTZKE, P. J. Plaintiffs, John P. Livesey and Dwight E. Ziegler, doing business as Livesey Enterprises, have appealed from the judgment of the circuit court for Portage County which denied the plaintiffs' motion for summary judgment and granted the defendant Copps Corporation's motion for summary judgment dismissing the complaint.

This is an action for specific performance of an option granted by Copps to plaintiffs to purchase real estate.

The issues are:

1. When did the option expire?

2. Was notice of the exercise of the option effective on mailing or receipt?

The parties negotiated in 1975 for the development of a shopping center on real estate owned by Copps. Meetings and negotiations took place at Copps' place of business in Stevens Point and at plaintiffs' place of business in Madison.

September 5, 1975, the attorneys for Copps mailed copies of a proposed agreement, option to purchase, lease agreement and purchase agreement to the plaintiffs. Revisions and modifications were made by Livesey's attorney and the four documents were returned to Copps' attorneys by mail October 7, 1975 for review. Following further modifications by Copps' attorney, the four documents were executed by the parties in Stevens Point as of October 31, 1975. The result was that Copps conveyed a parcel to Livesey, Livesey leased back the parcel to Copps, and Copps granted Livesey an option to purchase a parcel contiguous to that conveyed.

The option, as first drawn by Copps' attorney in 1975, provided,

This option shall extend for a period of twelve (12) months from date of signing. In the event Livesey elects to exercise said option, it shall do so by giving notice in writing to Copps during the term of this option. . . .

October 25, 1976, the parties extended the term of the option. Livesey retyped the original option without changing the language quoted above, modified another provision and forwarded the revised version to Copps by mail. Copps returned executed copies of the option by mail. The new option was signed November 15, 1976.

November 15, 1977, Livesey forwarded to Copps by certified mail a written notice which exercised the option. Copps received the notice November 16, 1977. Copps refused to convey and this action for specific performance followed.

The substance of the foregoing was presented to the court on affidavits supporting motions by Livesey and Copps for summary judgment. No genuine issue as to any material fact exists and the matter was properly before the court on the motions for summary judgment. Sec. 802.08(2), Stats.

1. *The Option To Purchase Expired at Twelve Midnight November 15, 1977*

The general rule for computing time periods in construing Wisconsin statutory laws, unless it would produce a result inconsistent with the manifest intent of the legislature, is provided by sec. 990.001(4), Stats:

(a) The time within which an act is to be done or proceeding had or taken shall be computed by excluding the first day and including the last; . . .

(b) If the last day within which an act is to be done or proceeding had or taken falls on a Sunday or legal holiday the act may be done or the proceeding had or taken on the next secular day.

. . . .

(d) Regardless of whether the time limited in any statute for the taking of any proceeding or the doing of an act is measured from an event or from the date or day on which such event occurs, the day on which such event took place shall be excluded in the computation of such time.

The common law rule in this state as to the computation of time is as follows:

"The rule is well established on an issue of limitation where the time is to be computed from a certain date, that in the computation the day of the date is to be excluded, *and where the computation is from a certain event the date of that event must be included.*" *Brown*

*v. Oneida Knitting Mills,* 226 Wis. 662, 666, 277 N.W. 653 (1938), quoting from *Siebert v. Jacob Dudenhoefer Co.,* 178 Wis. 191, 194, 188 N.W. 610 (1922) ; *De Forest Lumber Co. v. Potter,* 213 Wis. 288, 251 N.W. 442 (1933) ; *North Shore M. Co. v. Frank W. Blodgett, Inc.,* 213 Wis. 70, 250 N.W. 841 (1933). (Emphasis in original.)

The court of appeals is bound by the prior decisions of the Wisconsin Supreme Court. We must therefore determine whether the provision which sets the term of the option "for a period of twelve (12) months from date of signing" requires computation of the term from a certain date or a certain event.

The "certain date" rule governs this option. *North Shore M. Co. v. Frank W. Blodgett, Inc.,* 213 Wis. 70, 72, 73, applied the rule stated in *Siebert v. Jacob Dudenhoefer Co.,* 178 Wis. 191. The statute in *North Shore* required the commencement of an action "within one year after the completion and acceptance" of a contract. This language was held to require application of the certain event rule. As the contract was completed and accepted April 30, 1929, the action had to be commenced by April 29, 1930. Where, however, an action was to be brought within one year from "the date of the last charge," the court stated that that date would be excluded under the rule established by *Siebert v. Jacob Dudenhoefer Co., supra.*

In *De Forest Lumber Co. v. Potter,* 213 Wis. 288, 289, 290, a notice was required to be filed within thirty days next preceding the expiration of one year "from the date of the last charge." The last charge was made July 24, 1930. The court excluded the date of the charge and held that the year expired July 24, 1931.

Accordingly, the term of the option "for a period of twelve (12) months from the date of signing," November 15, 1976, expired midnight November 15, 1977.

## 2. *Notice Of The Exercise Of The Option Was Effective On Receipt*

Notice of exercise was mailed to Copps November 15, 1977, within the term of the option, but was not received until November 16, 1977, after the term expired. We hold that notice of the exercise of the option was not effective because it was not received within the term of the option.

Time is ordinarly of the essence of an option. *Megal v. Kohlhardt,* 11 Wis.2d 70, 80, 103 N.W.2d 892 (1960). An option does not bind its grantor "unless accepted by the holder within the time limited therein, and according to its terms, and . . . rights under such an option expire on the date limited, without notice or declaration of forfeiture." *Mueller v. Nortmann,* 116 Wis. 468, 470, 93 N. W. 538 (1903), quoted with approval in *Megal v. Kohlhardt,* 11 Wis.2d 70, 81.

An option is a continuing offer. *Bratt v. Peterson,* 31 Wis.2d 447, 451, 143 N.W.2d 538 (1966). An implied authorization to accept an offer by mail arises where the offer was communicated by mail. *E. M. Boerke, Inc. v. Williams,* 28 Wis.2d 627, 635, 137 N.W.2d 489 (1965); *Hess v. Holt Lumber Company,* 175 Wis. 451, 185 N.W. 522 (1921).

As the revised option dated November 15, 1976, was communicated by Copps to Livesey by mail, the option, as a continuing offer, could be exercised or accepted by mail, and that exercise would be effective on mailing, unless the terms of the option require otherwise. As stated in *E. M. Boerke, Inc. v. Williams,* 28 Wis.2d 627, 635,

[T]he acceptance of an offer is binding from the moment an offeree deposits a properly addressed letter of acceptance in the mailbox, but only if there is an express or implied authorization that the mails are to be used.

Here, however, the option specifically states how Livesey is to exercise the option. It provides that if "Livesey elects to exercise said option, it shall do so by giving notice in writing to Copps during the term of this option."

We are of the opinion that when the parties insist that the acceptance must be communicated "by giving notice in writing to Copps during the term of this option," the law of this state regarding the giving of notice controls.

In *Hotel Hay Corp. v. Milner Hotels, Inc.*, 255 Wis. 482, 486, 39 N.W.2d 363 (1949), a lease provided that if the lessee defaulted, "the lessor agrees to notify the lessee by registered mail at its principal office in Detroit, Michigan, and allow lessee" twenty days to cure the default. The court held that the notice was not effective at the time of mailing, relying on the general rule that in the absence of custom, statute, estoppel or express contract stipulation, when a notice affecting a right is sought to be served by mail, service is not effected until the notice comes into the hands of the one to be served.

*Hotel Hay Corp. v. Milner* is consistent with the views stated in 1A *Corbin on Contracts* sec. 264 at 521 (1963) :

If in an option contract the duty of the promisor is conditional on "notice within 30 days", does this mean notice received or notice properly mailed? It is believed that, in the absence of an expression of contrary intention, it should be held that the notice must be received. As above explained, the notice is in one respect a notice of acceptance of an offer; but in another aspect it is a condition of the promisor's already existing contractual duty. It is more likely to be regarded in this latter aspect by the parties themselves. The rule that an acceptance by post is operative on mailing was itself subject to severe criticism; and, even though it may now be regarded as settled, it should not be extended to notice of acceptance in already binding option contracts.

The majority rule is that notice to exercise an option is effective only upon its receipt by the party to be notified unless the parties otherwise agreed. *See Cities Service Oil Co. v. National Shawmut Bank,* 342 Mass. 108, 172 N.E.2d 104, 105 (1961), and cases cited. Decisions on both sides of the issue are cited in 1A *Corbin on Contracts* sec. 264 at 521, footnotes 50, to which should be added *Palo Alto Town & Country Village, Inc. v. BBTC Co.,* 11 Cal.3d 494, 113 Cal. Rptr. 705, 521 P.2d 1097 (1974), relied upon by appellants. *Palo Alto* rejects the majority view and that of Professor Corbin primarily, as we read the decision, because the "effective on posting rule" was codified in California's Civil Code. No comparable statute exists in this state.

Lastly, one of the four documents executed by the parties, the lease-back by Livesey to Copps, provides that any notice required by the lease "shall be deemed to have been properly delivered when registered or certified and deposited in the United States mail . . ." The trial court concluded that if the parties intended that the option was to be exercised by mail, they would have specifically so provided in the option as they had in the lease. The court inferred that the mail was not an intended method of communicating exercise of the option.

We agree with the trial court's observation that the lease indicates that where the parties wanted notice to be effective on mailing, they said so. The supreme court said in *E. M. Boerke, Inc. v. Williams,* 28 Wis.2d 627, 636, "If it is intended that the requirements of notice are to be satisfied by mailing and delivery thereafter in due course of post, the contract should say so." The same comment applies to an option to purchase.

As the option was not exercised within its term, the trial court properly granted the motion.

*By the Court.*—Judgment affirmed.