COUNTY OF MILWAUKEE, Plaintiff-Appellant,

v.

Ernest J. GLINIECKI, Defendant-Respondent.
[Case No. 84–1486.]

STATE OF Wisconsin, Plaintiff-Appellant,

v.

Adolfo CRUZ, Defendant-Respondent.†
[Case No. 84–1487–CR.]

STATE of Wisconsin, Plaintiff-Appellant,

v.

David J. NETTESHIEM, Defendant-Respondent.
[Case No. 84–1488–CR.]

Court of Appeals

*Nos. 84–1486, 84–1487–CR, 84–1488–CR.*
*Submitted on briefs February 1, 1985.—Decided March 18, 1985.*
(Also reported in 367 N.W.2d 239.)

† Petition to review denied.

For the plaintiff-appellant (in each case) the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, with *Barry M. Levenson,* assistant attorney general, of counsel, of Madison.

For the defendants-respondents the cause was submitted on the briefs of *Jerome F. Buting,* assistant state public defender, of Milwaukee.

Before Wedemeyer, P.J., Moser and Sullivan, JJ.

WEDEMEYER, P.J. The state and Milwaukee County appeal from orders in three cases[1] granting the defendants' motions to suppress the results of their breathalyzer tests. Because the supreme court's decision in *State v. Disch,* 119 Wis. 2d 461, 351 N.W.2d 492 (1984),[2] holds that breathalyzer test results are admissible as a matter of law, we reverse the trial court's orders.

Each of the defendants was arrested, given a breathalyzer test, and charged with operating while intoxicated. Each defendant moved before trial to suppress the results of his breathalyzer test. The defendants alleged that the breathalyzer machine used to test their breath was inaccurate and unreliable due to a design defect which caused it to malfunction when operated in the vicinity of radio transmissions. The trial court found that the

---

[1] The cases were consolidated in the trial court for the purpose of hearing the suppression motions. They were likewise consolidated on appeal.

[2] It appears that the trial court did not have the benefit of *State v. Disch,* 119 Wis. 2d 461, 351 N.W.2d 492 (1984), when it decided this case.

machine used, a Smith & Wesson model 900A operated by the Milwaukee County Sheriff's Department, was subject to radio frequency interference (RFI), which could result in inaccurate blood alcohol readings. The trial court also found that the state had presented insufficient evidence to show that the machine was not being affected by RFI while the defendants' breath was being tested. The trial court held that the Smith & Wesson 900A was unreliable. It therefore excluded the test results. We reverse.

In *Disch,* the trial court suppressed the results of a blood test in a prosecution for homicide by intoxicated use of a motor vehicle, on the grounds that the defendant was denied due process because her demand for the production of a portion of the blood for retesting could not be accommodated. The supreme court reversed, holding that nonproduction of the sample had not deprived the defendant of a fair trial. Regarding the trial court's suppression of the test results, the supreme court stated: "[I]n no event, should the results of the original [blood] test be suppressed. Under the statutes, the blood test derived from a properly authenticated sample by legislative fiat is admissible. Sec. 885.235(1), Stats." *Id.* at 470, 351 N.W.2d at 497. The court further stated: "[I]t would be erroneous as a matter of law to hold the blood test inadmissible." *Id.* at 472, 351 N.W.2d at 498. "The importance of [secs. 343.305(7) and 885.235(1), Stats.] is that blood alcohol test results are admissible into evidence, and it is error to exclude them from evidence. An authenticated test . . . by legislative edict is admissible. It may not be excluded from evidence." *Id.* at 473, 351 N.W.2d at 498.

The supreme court quoted from *Suspension of Operating Privilege of Bardwell,* 83 Wis. 2d 891, 899, 266 N.W. 2d 618, 622 (1978), where it said: "'A *chemical test specified by statute may not be deemed unreliable as a*

*matter of law.'*" (Emphasis in original.) *Disch*, 119 Wis. 2d at 475, 351 N.W.2d at 499. It further stated: "After *Bardwell*, not only are recognized methods of testing authorized by statute entitled to a prima facie presumption of accuracy but such recognized tests may not be deemed unreliable as a matter of law." *Id.*

The supreme court stated that defendants could challenge test results, but emphasized that the challenge must be made at trial. *Id.* at 475–76, 351 N.W.2d at 499–500. "Any contentions that the test result is unreliable or inaccurate goes only to the weight of the evidence as a matter of defense, not to its admissibility."[3] *Id.* at 476, 351 N.W.2d at 500.

The result of a chemical test, although admissible, is open to rebuttal by the defendant, as a matter of defense, to adduce countervailing evidence of the unreliability or inaccuracy of the result. It is at this stage, *after admission,* that the defendant may attack the weight and credibility to be given the test. [Emphasis added.]

*Id.* at 477, 351 N.W.2d at 500.

The trial court in the present case suppressed the breathalyzer test results on the grounds that they were not reliable. This was error under *Disch*. The test results must be admitted at trial, and the defendants should then present their evidence that the test results are not worthy of confidence or belief.[4]

---

[3] We note that *Disch* drew no distinction between reliability and credibility. The supreme court has drawn that distinction in previous cases. *See, e.g., State v. Armstrong*, 110 Wis. 2d 555, 567–68, 573, 329 N.W.2d 386, 392–93, 395, *cert. denied*, 461 U.S. 946 (1983) (re hypnotically affected testimony); *State v. Dean*, 103 Wis. 2d 228, 265–69, 307 N.W.2d 628, 646–48 (1981) (re polygraph test results); *Steele v. State*, 97 Wis. 2d 72, 95–97, 294 N.W.2d 2, 12–13 (1980) (re psychiatric testimony on specific intent to kill).

[4] Reliability implies trustworthiness or confidence; credibility implies belief.

We agree with the defendants that it is anomalous that the jury must be exposed to "scientific" test results even though the testing instrument used has been shown to be inherently unreliable. Nevertheless, the supreme court has interpreted secs. 343.305(7) and 885.235(1), Stats., to require that attacks on the probative value of breathalyzer test results must be made before the jury rather than before the trial court. We are bound by the prior decisions of the Wisconsin Supreme Court. *Livesey v. Copps Corp.*, 90 Wis. 2d 577, 581, 280 N.W.2d 339, 341 (Ct. App. 1979). The trial court's orders suppressing the results of the defendants' breathalyzer tests are reversed.

*By the Court.*—Orders reversed.